S99A0196. NHEK v. THE STATE.
(517 SE2d 521)

HINES, Justice.

Reth David Nhek appeals his conviction for felony murder during a conspiracy to commit armed robbery. For the reasons that follow, we affirm.[1]

Nhek and four others decided to commit an armed robbery. In pursuit of their plan, one of Nhek's cohorts stole a red Mitsubishi car.

---

[1] The murder occurred on November 4, 1995. On May 14, 1996, Nhek was indicted on charges of conspiracy to commit armed robbery, malice murder, felony murder, theft by taking, and possession of a firearm during the commission of a felony. On April 28, 1997, he pled guilty to conspiracy to commit armed robbery, theft by taking, and possession of a firearm during the commission of a felony. He was tried before a jury on the remaining counts April 28, 1997 through May 1, 1997; he was found not guilty of malice murder and guilty of felony murder. On June 23, 1997, the court sentenced Nhek to life imprisonment for felony murder, twenty years for theft by taking (the first ten in prison and the remainder on probation) consecutive to the life term, and five years in prison for possession of a firearm during the commission of a felony, to be served consecutively to the twenty-year term; the court ruled that the conspiracy to commit armed robbery merged into the felony murder. Nhek filed a motion for new trial on July 10, 1997, which was denied on September 15, 1998. Nhek filed a notice of appeal on October 12, 1998, his appeal was docketed in this Court on October 28, 1998, and submitted for decision without oral argument on February 11, 1999.

Nhek was riding in that car when he and the driver saw the victim, Becky Morgan, who was seated in her car in her boyfriend's driveway. The other three conspirators had left the area at this time. Nhek exited the stolen car, approached Morgan, and ordered her out of her car. When she refused, he fired one fatal shot into Morgan's head and fled. Morgan's boyfriend, who was inside his home, ran outside when he heard the shot and arrived in time to see a red car speeding away. Several hours later, the red Mitsubishi was recovered from a nearby lake where Nhek and his cohorts had hidden it.

Nhek was arrested at his home, pursuant to a warrant, after the murder weapon was discovered in an unrelated burglary investigation at the home of another participant. Police read Nhek his *Miranda* rights; he waived those rights and made a videotaped statement in which he confessed to the conspiracy, his involvement in the theft of the vehicle, and shooting Morgan.

1. The evidence was sufficient to enable the jury to find beyond a reasonable doubt that Nhek was guilty of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Nhek, who was 16 years old at the time of his arrest, contends his statement was made without knowingly, intelligently, and voluntarily waiving his *Miranda* rights. The waiver is assessed under the totality of the circumstances as set forth in *State v. McBride*, 261 Ga. 60, 63 (2) (b) (401 SE2d 484) (1991) and *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976). On appeal, the issue is whether the trial court was clearly erroneous in its factual findings on the admissibility of the statement. *Henry v. State*, 264 Ga. 861, 862 (2) (452 SE2d 505) (1995).

At a *Jackson v. Denno*[2] hearing, a psychologist testified that Nhek had a limited understanding of English, read at a fourth grade level, and would understand concepts such as his *Miranda* rights only if they were repeated to him and restated in a variety of ways. However, the videotape of Nhek's custodial interview shows Nhek stating that although he had been born in Cambodia, he came to the United States as a very young child and has no trouble understanding or speaking English. The tape shows Nhek appropriately answering questions and verbally interacting with the officers in a normal manner, in English. During the interview, Nhek stated that he was in the ninth grade and made grades of C or sometimes B.

Applying the nine-factor test of *McBride* and *Riley*, it is clear that Nhek at sixteen was old enough, had sufficient education, and was well enough informed to understand the subject of the police questioning and the rights he was giving up. The evidence supports

---

[2] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

the finding that he was read his rights and understood them. He did not ask for a lawyer or for any family member to be present during questioning. The evidence also shows that there was nothing unusual or coercive about either the length or method of the interrogation. The trial court had the benefit of viewing the videotape and the court did not err in finding that, considering the totality of the circumstances, Nhek knowingly and voluntarily waived his rights. *Gilliam v. State*, 268 Ga. 690, 692 (2) (492 SE2d 185) (1997).

3. Nhek contends that trial counsel was ineffective. In order to prevail on this claim, he must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To meet the first prong of this test, Nhek must overcome the "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct" and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. Id. at 784. The second prong requires that Nhek show there is a reasonable probability that, absent counsel's unprofessional errors, the result of the trial would have been different. Id. at 783. A court's finding that counsel has rendered effective assistance will be affirmed unless it is clearly erroneous. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

Nhek urges counsel was ineffective in advising him to plead guilty to three felonies, including conspiracy to commit armed robbery, which was the predicate felony for the felony murder charge. He argues this was tantamount to a guilty plea on the felony murder charge, leaving Nhek no defense at trial. However, counsel testified that she was attempting to place Nhek in the same light as his fellow conspirators in terms of treatment. Testimony showed orders of nolle prosequi were entered on the murder charges against the three co-defendants who were not present at the scene of the murder, and the three pled guilty to other charges, including the conspiracy charge.[3] Counsel hoped to gain sympathy for Nhek as one who was merely caught up in the circumstances, and argue to the jury that he should be placed in the same position as the fellow conspirators; guilty of the robbery conspiracy but not guilty of malice murder or felony murder. She believed it would be possible for the jury to have some empathy with Nhek if it knew he would be held responsible in some manner. She chose this strategy even though she recognized that the State

---

[3] The fourth co-defendant who was present at the scene was tried separately.

could argue Nhek had thereby admitted the predicate felony for felony murder.

In pursuit of this strategy, counsel argued to the jury that the conspiracy that formed the predicate felony for the felony murder charge had been abandoned when three of the five conspirators left, and that no new conspiracy had been shown to have formed, nor had any new conspiracy been charged by the State. Counsel also argued that, contrary to the State's argument, pleading guilty to the conspiracy charge did not automatically result in guilt on the felony murder charge, noting that three other conspirators had pled guilty to the conspiracy, but were not considered guilty of felony murder.

Counsel also rejected the idea of introducing to the jury the expert testimony about Nhek's understanding of English and his rights, and arguing to the jury that Nhek's statement was not voluntary. See *Williams v. State*, 267 Ga. 771, 776 (5) (482 SE2d 288) (1997). She feared she would lose credibility with the jury by making a technical argument that Nhek's statement was inadmissible because Nhek could not sufficiently understand English when the jury could view on the videotape that Nhek spoke and understood English. Under the circumstances, counsel believed there was no realistic hope that the jury would ignore Nhek's statement.

The fact that present counsel would pursue a different strategy does not render trial counsel's strategy unreasonable. *DeYoung v. State*, 268 Ga. 780, 785-786 (5) (493 SE2d 157) (1997). Counsel was faced with the specific circumstances of this case, and the trial court did not err in denying Nhek's motion for new trial on this basis. Further, Nhek has failed to show that the outcome of this trial would have been different if counsel had pursued a different strategy.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1999 —
RECONSIDERATION DENIED JULY 6, 1999.

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer,* for appellant.

*Daniel J. Porter, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.