## S05A1749. NIX v. THE STATE.
### (625 SE2d 746)

HUNSTEIN, Presiding Justice.

Appellant James Nix was convicted of malice murder, felony murder, and two counts of aggravated assault arising out of the fatal shooting of Bruce Neave.[1] He appeals, and for the reasons that follow, we affirm in part and vacate in part.

1. The evidence authorized the jury to find that on the day of the crimes appellant, Bruce Neave, and Tracy Neave were working together on a construction job. Bruce Neave received $100 cash and a $100 check as payment for the work. He gave appellant $20. The three then drove to a gas station so Bruce could cash the $100 check. After cashing the check, Bruce gave appellant another $20. Appellant believed the $40 he received was unfair, and he and Bruce began arguing. The group drove to appellant's parents' home, and appellant went inside. Once inside, appellant told his father, Hubert Nix, to get a gun and run off the Neaves. Hubert Nix went outside, pointed a gun at Bruce and Tracy Neave, and told them to leave. At the same time, appellant picked up a shotgun, went outside, and fatally shot Bruce Neave.

---

[1] The crimes occurred on August 26, 2000. Appellant was indicted by a Franklin County grand jury during the September 2000 term and charged with malice murder, felony murder, and two counts of aggravated assault. After a jury trial on June 13-15, 2001, the jury found appellant guilty of all charged crimes. He was sentenced to two concurrent terms of life imprisonment on the malice murder and felony murder counts and a concurrent sentence of twenty years for the aggravated assault of Tracy Neave. The trial court merged the conviction for the aggravated assault of Bruce Neave into the felony murder count. Appellant filed a motion for new trial on June 29, 2001, which was amended on April 6, 2005 and denied on June 9, 2005. A notice of appeal was filed on July 1, 2005. The case was docketed in this Court on July 12, 2005, and orally argued on November 21, 2005.

When construed most strongly in support of the verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that appellant directly committed the murder and aggravated assault of Bruce Neave and that he was guilty as a party to the aggravated assault of Tracy Neave. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Eckman v. State*, 274 Ga. 63 (1) (548 SE2d 310) (2001).

2. The jury found appellant guilty of malice murder, felony murder with aggravated assault as the underlying felony, and aggravated assault. The trial court merged the aggravated assault count with the felony murder count and sentenced appellant to two concurrent life sentences on the malice murder and felony murder counts. Appellant, however, murdered a single victim and can be sentenced for either malice or felony murder but not both. OCGA § 16-1-7; *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Accordingly, the separate judgment of conviction and sentence for felony murder must be vacated.

Although appellant may not be sentenced on the felony murder guilty verdict, he may be sentenced on the underlying guilty verdict for the aggravated assault of Bruce Neave if it does not merge by fact into the murder conviction for which he was sentenced. *Malcolm*, supra, 263 Ga. at 372 (5). The indictment alleged that appellant committed aggravated assault by making "an assault upon the person of Bruce Neave, with a shotgun, a deadly weapon." The evidence used to prove that appellant perpetrated the aggravated assault of Bruce Neave, that he assaulted him with the shotgun, was used to establish that appellant committed the crime of malice murder. As the aggravated assault offense was established by the same but less than all of the facts required to establish the offense of murder, the aggravated assault was an offense included in the malice murder conviction, and the conviction for the aggravated assault of Bruce Neave merged by fact into the malice murder conviction. See id.; *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992).

3. In several enumerations of error, appellant contends he received ineffective assistance from trial counsel. In order to prevail on a claim of ineffective assistance, appellant must show that counsel's performance was deficient and that the deficient performance so prejudiced appellant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). Appellant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. "The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances

of the case. [Cit.]" *Nhek v. State*, 271 Ga. 245, 247 (3) (517 SE2d 521) (1999). "The fact that present counsel would pursue a different strategy does not render trial counsel's strategy unreasonable. [Cit.]" Id. at 248 (3). "In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo. [Cit.]" *Bales v. State*, 277 Ga. 713, 715 (2) (594 SE2d 644) (2004).

(a) Appellant contends trial counsel was ineffective in failing to request jury charges on defense of others and prior inconsistent statements as substantive evidence. Appellant's defense at trial was that he did not point the gun at or shoot anyone, and no evidence was adduced to authorize a charge on the defense of others. Trial counsel cannot be faulted for failing to request a jury charge which was not authorized. *Callendar v. State*, 275 Ga. 115 (3) (e) (561 SE2d 113) (2002).

As to the charge on prior inconsistent statements, even assuming it was error not to request the charge, appellant has failed to demonstrate a reasonable probability that the result of the proceeding would have been different if the charge had been given. *Strickland*, supra, 466 U. S. at 687.

(b) At the time of trial, counsel had in his possession a copy of Tracy Neave's first offender plea and adjudication of guilt on a previous theft charge. Counsel questioned Tracy on cross-examination about her conviction, as well as her descriptions of the gun used by Hubert Nix in the crimes. Appellant argues that counsel's failure to tender the certified copy of her plea and adjudication of guilt and to question her further regarding her description of the gun was ineffective assistance.

Review of the transcript of the hearing on the motion for new trial reveals that trial counsel's decisions were matters of trial strategy and tactics within the bounds of reasonable professional conduct. Counsel testified that he did not tender the certified copy of the conviction into evidence because he wanted to retain the right to close and although there was some indication that the first offender treatment had been revoked, he had information that it was later reinstated. Trial counsel's decision not to introduce the conviction into evidence was a reasonable trial strategy. See *Sims v. State*, 278 Ga. 587 (3) (a) (604 SE2d 799) (2004) (counsel's decision not to use records to impeach witness was reasonable trial strategy); *Lakes v. State*, 266 Ga. 389 (2) (467 SE2d 566) (1996) (decision not to impeach witness on prior convictions is legitimate trial strategy). The fact that other counsel may have pursued a different strategy does not render trial counsel's strategy unreasonable. See *Nhek*, supra, 271 Ga. at 248 (3).

We similarly find that counsel's decision not to further question Tracy about alleged inconsistencies in her description of the gun was neither deficient nor prejudicial. The record shows that counsel questioned Tracy about the alleged inconsistencies. Counsel testified at the motion for new trial hearing that he ceased this line of questioning because in response to each of his questions Tracy emphatically stated that it was appellant, not his father, who shot Bruce. Counsel's decision not to allow the witness the opportunity to continue to specifically identify appellant is one involving reasonable trial tactics and strategy and was not deficient performance under these facts. See *Willingham v. State*, 268 Ga. 64 (6) (485 SE2d 735) (1997) (manner in which counsel chose to respond to testimony may constitute trial strategy and tactics within bounds of reasonable professional conduct). Moreover, appellant completely fails to show how further questioning of the witness regarding the description of the gun would have altered the outcome of trial in light of the overwhelming evidence of appellant's guilt. See *Strickland*, supra, 466 U. S. at 687; *Washington v. State*, 274 Ga. 428 (2) (554 SE2d 173) (2001).

4. Appellant contends the trial court erred when it excluded evidence of Hubert Nix's statements to officers that he shot Bruce Neave. Evidence that another person confessed to the crime for which the defendant is being tried is generally inadmissible hearsay, but it may be admitted in the guilt-innocence phase of a trial "under exceptional circumstances that show a considerable guaranty of the hearsay declarant's trustworthiness. [Cits.]" *Drane v. State*, 271 Ga. 849, 852 (2) (523 SE2d 301) (1999). See *Chambers v. Mississippi*, 410 U. S. 284 (93 SC 1038, 35 LE2d 297) (1973). The trial court must determine whether the value and reliability of the tendered hearsay evidence outweigh the harm resulting from a violation of the evidentiary rule. *Turner v. State*, 267 Ga. 149 (3) (476 SE2d 252) (1996).

Pretermitting the issue of whether appellant has shown sufficient guarantees of trustworthiness, we find that the error, if any, was not harmful. The excluded testimony was cumulative of other evidence introduced, including a statement made by Hubert Nix to the first officer on the scene that the "[v]ictim grabbed the gun and it went off[,] I did not mean to shoot him," as well as the testimony of other witnesses who stated that shortly after the crimes Hubert Nix told them he was the one who shot Bruce Neave. Accordingly, we conclude the trial court did not commit reversible error when it excluded Hubert Nix's similar statements to police. See *Harris v. State*, 279 Ga. 522 (2) (615 SE2d 532) (2005).

5. Nor did the trial court commit reversible error by excluding the hearsay statements of appellant's mother. Even assuming such statements were admissible under the necessity exception to the hearsay

rule, see OCGA § 24-3-1 (b), their exclusion was harmless error. Her statements were cumulative of other evidence admitted at trial, making it highly probable that their exclusion did not affect the verdict. See *Kennedy v. State*, 277 Ga. 588 (4) (592 SE2d 830) (2004); *Harris v. State*, 274 Ga. 422 (5) (554 SE2d 458) (2001). See also *Moody v. State*, 277 Ga. 676 (4) (594 SE2d 350) (2004).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Edward H. Brumby, Jr.,* for appellant.
*Robert W. Lavender, District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General,* for appellee.