## A06A0979. LAWSON v. THE STATE.
(635 SE2d 259)

RUFFIN, Chief Judge.

A jury found Daniel Lawson guilty of two counts of child molestation and one count of aggravated child molestation. On appeal, Lawson contends that the trial court erred in failing to declare a mistrial after a bailiff improperly responded to a juror's question. He further argues that he received ineffective assistance of trial counsel. As we find no error, we affirm.

1. According to Lawson, the trial court was required to declare a mistrial following improper communication between the bailiff and jurors. The record shows that after the close of evidence, but before

the trial court charged the jury, one of the jurors allegedly asked the bailiff if "you guys or the court could go to the apartment complex and get a sketch of the layout of the apartment" where the crimes took place. The bailiff responded, "No ma'am." The bailiff immediately reported this communication to the judge who then instructed the jurors in open court that they were not to ask the bailiff any questions, but that the bailiff's answer was correct — the jury would not have access to any evidence other than that which had already been presented in court. The judge further informed the members of the jury that while they would not have access to a sketch of the apartment, they could discuss the layout issue among themselves during deliberation. Counsel for appellant did not move for a mistrial based on the improper jury-bailiff communication, nor did he object to the judge's subsequent remarks to the jury. Accordingly, this issue has been waived on appeal.[1] Assuming, for the sake of argument, that the issue had not been waived, we nonetheless find the court did not abuse its discretion in declining to grant a mistrial.

As a general rule, a bailiff's improper communication with jurors is presumed to be prejudicial.[2] This is because a bailiff is not permitted to act as an interpreter either of the jury's questions or of the trial judge's responses, especially when the question and/or responses are "related to the jury's decision-making process based on the bailiff's perception of the question, the law, or the evidence."[3] The danger exists that jurors will treat the bailiff's comments as a supplemental jury instruction and that such comments will interfere with the deliberative process.[4] Moreover, when a bailiff communicates directly with the jury on substantive matters, it may infringe upon the defendant's constitutional right to be present at every stage of trial that materially affects his case.[5] Here, in responding to a jury's question about obtaining additional evidence, the bailiff overstepped his authority.

Notwithstanding the impropriety of the bailiff's conduct, we find the presumption of prejudice has been rebutted.[6] In this case the bailiff's statement to the jurors was immediately brought to the court's attention, the court placed the improper communication on the record and then issued prompt remedial instructions. All of this

[1] See *Herrington v. State*, 243 Ga. App. 265, 266 (1) (533 SE2d 133) (2000); *State v. Williamson*, 247 Ga. 685, 686 (279 SE2d 203) (1981) (claims of error must be timely raised or they are waived).

[2] *Mercer v. State*, 169 Ga. App. 723, 728 (6) (314 SE2d 729) (1984).

[3] *Turpin v. Todd*, 271 Ga. 386, 389 (519 SE2d 678) (1999).

[4] See id. at 389-390.

[5] See id.; *Jackson v. State*, 278 Ga. 235, 237 (3) (599 SE2d 129) (2004).

[6] See *Carter v. State*, 261 Ga. 740, 741 (5) (410 SE2d 102) (1991).

occurred before the jury began deliberating. In such case, where the record shows the trial judge immediately learned of the improper communication and immediately and properly instructed the jury in open court before the jury continued the deliberative process and where there is no suggestion that jurors were influenced by the improper communication, the presumption of prejudice is rebutted.[7]

In a related argument, Lawson contends that the judge's remarks to the jury following the improper communication had a "chilling effect" on its deliberations and were thus harmful. Lawson claims that, "[i]n effect," the jurors "were admonished . . . to not have any opinions as to the proper verdict if such opinion 'disregarded his [or her] other jurors.' " We disagree. The judge's remarks to the jury clearly sought to promote deliberation, rather than discourage it. Indeed, the trial court informed the jurors that they "may ask each other questions or may discuss [the layout] among [themselves]." He also stated, "Those are the kinds of questions that you'd ask among yourselves." Under these circumstances, we fail to see how such comments served to chill deliberation.

2. Lawson next contends that the trial court erred in not granting a new trial based on his claim of ineffective assistance of counsel. In order for Lawson to succeed on such claim, he must satisfy the two-prong test set forth in *Strickland v. Washington*.[8] Under this test, Lawson must prove "that counsel's performance was deficient and that this deficient performance prejudiced the defense";[9] "that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency."[10] Moreover, there is a strong presumption that trial counsel's performance fell within the broad range of reasonable professional conduct.[11] We will uphold the trial court's ruling in this regard unless it is clearly erroneous.[12]

(a) Lawson argues that his trial counsel was ineffective in failing to engage in plea negotiations. This claim is without merit. There is no evidence that the State made a plea offer to Lawson, and failure to initiate plea bargaining does not constitute "deficient professional

---

[7] See id.; *Battle v. State*, 234 Ga. 637, 639 (217 SE2d 255) (1975).

[8] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[9] *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006).

[10] (Punctuation omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001).

[11] *Nhek v. State*, 271 Ga. 245, 247 (3) (517 SE2d 521) (1999).

[12] See id.

conduct."[13] Even assuming that counsel was deficient in some respect, Lawson fails to show that he would have accepted any plea offer and thus has not shown he was prejudiced.[14]

(b) Lawson next suggests that his counsel was ineffective for not requesting jury instructions on lesser included offenses. Given that Lawson fails to specify what charges should have been requested, he has failed to meet his burden of showing prejudice.[15]

(c) According to Lawson, his attorney was ineffective for failing to seek first offender treatment. In his brief, however, Lawson cites no authority and makes no cogent argument other than to broadly state that "trial counsel did not request first offender treatment for [Lawson] nor did he ever discuss the First Offender Act with [Lawson]." As a general rule, "sweeping allegations of ineffective assistance with only the barest of reference to the record" are insufficient to establish an ineffectiveness claim.[16] Moreover, Lawson's attorney testified that, although he did not initially consider first offender treatment, he did not believe Lawson would be eligible for such treatment given his prior misdemeanor offenses. And Lawson points to no evidence suggesting he would have received first offender status had such been requested. Under these circumstances, we fail to see how Lawson was harmed by any alleged deficiency.[17]

(d) Lawson's claim that trial counsel was ineffective for failing to obtain written reports from the court-appointed investigator also fails. Lawson's trial counsel testified that, while he did not obtain any reports of witness interviews, he discussed extensively the content of those interviews with the court-appointed investigator. Assuming, arguendo, that counsel's failure to obtain this content in *written* form constitutes deficient conduct, Lawson still fails to show how he was prejudiced by this alleged deficiency.[18]

(e) Lawson also contends that his counsel was ineffective for not preparing notes and questions for use during direct and cross-examination. Again, Lawson does not show how any alleged deficiency prejudiced his defense.[19]

(f) Lawson asserts that his attorney was ineffective for failing to discover whether anyone else who was in the apartment when the

---

[13] *Avans v. State*, 251 Ga. App. 575, 576 (554 SE2d 766) (2001).

[14] Id. (citing *Mathis v. State*, 238 Ga. App. 218, 222 (6) (517 SE2d 578) (1999)).

[15] See *Berry v. State*, 262 Ga. App. 375, 376 (2) (a) (585 SE2d 679) (2003).

[16] *Allen v. State*, 278 Ga. App. 292, 296 (3) (628 SE2d 717) (2006).

[17] See *Glass v. State*, 255 Ga. App. 390, 404-405 (10) (j) (565 SE2d 500) (2002) (attorney not ineffective in failing to seek first offender treatment where attorney did not believe judge would grant request).

[18] See *Kelly v. State*, 238 Ga. App. 691, 695 (2) (520 SE2d 32) (1999).

[19] See id.

crimes took place "could have heard the victim . . . if she had screamed during the alleged acts of rape and molestation." At the hearing, however, Lawson did not establish that any such person existed. Thus, his claim in this regard is based on rank speculation, which is insufficient to establish an ineffective assistance claim.[20]

(g) Lawson next contends that trial counsel admitted to Lawson's mother that he "could have done a better job" at trial and that this admission demonstrates his ineffectiveness. But we fail to see how trial counsel's post-conviction musings about how he could have improved his performance constitute ineffective assistance. "A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of error-less counsel or by hindsight."[21]

(h) Finally, Lawson contends that he was rendered ineffective assistance due to his trial counsel's failure to move for a mistrial when he learned of the improper jury-bailiff communication. For reasons discussed in Division 1, this claim lacks merit. Accordingly, the judgment of conviction is hereby affirmed.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 2, 2006.

*Daniel L. Henderson*, for appellant.
*Patrick H. Head, District Attorney, Charles P. Boring, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[20] *Treadwell v. State*, 272 Ga. App. 508, 512 (4) (c) (613 SE2d 3) (2005).
[21] *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).