S06A0724. MAYBERRY v. THE STATE.
(635 SE2d 736)

Hunstein, Presiding Justice.

Following a jury trial, appellant Torry Mayberry was convicted of the malice murder of Willie Butts and other related offenses.[1] He appeals from the trial court's order denying his motion for new trial in which he argued that his trial counsel's performance was ineffective. Finding no error, we affirm.

1. The evidence authorized the jury to find that on the day of the crimes, Mayberry, along with two other men, went to the victim's home. When the victim answered the door, Mayberry fatally shot him in the head. Although multiple eyewitnesses testified at trial that Mayberry shot the victim in an unprovoked encounter and Mayberry admitted he had the gun in his hand when he approached the victim, he claimed the gun accidentally discharged when he put his hands up to deflect a tray thrown at him by the victim.

Construed most strongly in support of the verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Mayberry was guilty of the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mayberry contends he received ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance, a defendant

---

[1] The crimes occurred on April 27, 1994. Mayberry was indicted by a Fulton County grand jury on December 16, 1994 for malice murder, felony murder with aggravated assault as the underlying felony, and aggravated assault. Following a jury trial conducted on April 3-4, 1995, Mayberry was convicted of all counts. The felony murder and aggravated assault charges were vacated by operation of law, see *Malcolm v. State,* 263 Ga. 369 (4), (5) (434 SE2d 479) (1993), and Mayberry was sentenced to life in prison on the remaining malice murder charge. The record reveals that after the conclusion of trial, appointed counsel was allowed to withdraw and the public defender's office was appointed for purposes of appeal. The public defender's office was not notified of the appeal, however, and in February 1997, the trial court appointed the public defender to file an out of time notice of appeal. On March 14, 1997, Mayberry filed a pro se out of time motion for new trial and no further action was taken until an amended motion for new trial was filed by retained counsel on March 8, 2005. Following a hearing, the trial court denied the motion for new trial on October 14, 2005. A timely notice of appeal was filed on October 28, 2005. The appeal was docketed in this Court on December 29, 2005 and submitted for decision on the briefs.

must show that counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. "The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. [Cit.]" *Nhek v. State*, 271 Ga. 245, 247 (3) (517 SE2d 521) (1999). A court's finding that counsel has rendered effective assistance will be affirmed unless it is clearly erroneous. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

(a) Mayberry contends counsel was ineffective because he pursued an accident defense not supported by the facts. The effect of accident on guilt is set forth in OCGA § 16-2-2: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." "Accident" is an affirmative defense whereby it must be established a defendant was not acting with criminal intent, was not engaged in a criminal scheme, and was not criminally negligent, i.e., did not act in a manner showing an utter disregard for the safety of others who might reasonably be expected to be injured thereby. *Davis v. State*, 269 Ga. 276 (3) (496 SE2d 699) (1998).

On the record before us, we find counsel's decision to pursue an accident defense was reasonable and within the evidence. See *Carr v. State*, 275 Ga. 185, 187 (5) (563 SE2d 850) (2002). Contrary to Mayberry's assertion of error, the evidence presented gives no indication that the decision to pursue an accident defense was due to a misunderstanding of the law or the facts of this case. Rather, the record establishes that counsel consulted with Mayberry and from these consultations learned that Mayberry contended the gun accidentally discharged.[2] Unlike the cases upon which Mayberry relies, in this case there was no evidence that Mayberry pointed the gun at the victim before the shooting occurred and there was no dispute as to how the fatal injury was inflicted. Compare *Mathis v. State*, 279 Ga.

---

[2] Consistent with his pretrial statements to counsel, Mayberry testified at trial that when he lifted his arm to dodge the tray, the gun accidentally "went off," and that at no time was the gun pointed at the victim or used to intimidate the victim. Mayberry's sustained conviction that the shooting was accidental was reflected in his testimony at the motion for new trial hearing, during which he again admitted that he shot the victim, but insisted that the gun accidentally discharged.

100 (2) (610 SE2d 62) (2005) and *Davis, supra,* 269 Ga. 276 (defendants admitted inflicting fatal injuries but could not recall how injuries inflicted); and *New v. State,* 260 Ga. 441 (1) (396 SE2d 486) (1990) and *Mangold v. State,* 253 Ga. App. 369 (1) (559 SE2d 103) (2002) (defendants admitted pointing gun at victim before shooting). Inasmuch as trial counsel made an informed strategic choice to pursue a defense which comported with the evidence and with Mayberry's own version of events, Mayberry has failed to satisfy the deficiency prong of the *Strickland* test. See *Van Alstine v. State,* 263 Ga. 1, 4 (426 SE2d 360) (1993) (counsel not ineffective for failing to request charge on lesser included offense where counsel made informed decision consistent with defendant's statements to counsel and feelings about potential defense). See also *Sparks v. State,* 277 Ga. 72 (3) (586 SE2d 645) (2003) ("counsel is entitled to base the defense on the veracity of the client's assertions.").

(b) Nor was it error for trial counsel to pursue the defense of accident rather than try to convince the jury that the eyewitnesses misidentified Mayberry as the individual who shot the victim. The fact that other counsel may have pursued a different strategy does not render trial counsel's strategy unreasonable. See *Nhek, supra,* 271 Ga. at 248 (3).

3. Mayberry also contends trial counsel was ineffective because counsel failed to adequately advise him of his right not to testify.[3] A review of the record does not support this assertion. Mayberry did not testify that he was unaware of his Fifth Amendment right to remain silent or that counsel failed to advise him of the risks of testifying on his own behalf. The transcript of the motion for new trial hearing reveals that trial counsel had no specific recollection of Mayberry's case but that it was his regular practice to review the evidence and law with his client; discuss with his client the benefit or necessity of their trial testimony; advise the client that he has the right to testify or not testify; and decide with his client whether it was in the client's best interest to testify. In the absence of any testimony that trial counsel failed to inform Mayberry of his constitutional rights or the risks of testifying at trial, "there is no evidentiary basis for a rebuttal of the presumption that, as an effective legal representative, he did so." *Dewberry v. State,* 271 Ga. 624, 626 (2) (523 SE2d 26) (1999). Thus, the trial court was authorized to find that Mayberry failed to meet his burden of proving that the decision to testify was predicated upon ineffective legal representation.

---

[3] To the extent Mayberry raises a similar due process argument for the first time on appeal, it is not properly before the court. See *Robles v. State,* 277 Ga. 415 (9) (589 SE2d 566) (2003) (constitutional challenge raised for first time on appeal not properly before appellate court).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006 —
RECONSIDERATION DENIED OCTOBER 30, 2006.

*Franklin & Hubbard, Brooks S. Franklin, Curtis L. Hubbard, Jr., Rodney A. Williams*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Christopher M. Quinn, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.