S12A1793. DAVIS v. THE STATE.

(734 SE2d 401)

MELTON, Justice.

Following a jury trial, Nehemiah Davis appeals his convictions for malice murder and possession of a firearm during the commission of a crime,[1] contending that his right to due process was violated when the State offered false evidence at trial. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on the night of September 4, 2004, Jermaine Walker (the victim) was at his grandmother's house, where he lived, with visiting relatives and friends. The victim exited his grandmother's home and walked across the street to Antonio Griffin's parked vehicle. As the victim entered the passenger side of Griffin's vehicle, witnesses at the victim's grandmother's house noticed one or two persons approach and shoot in the direction of Griffin's vehicle. Deesha Givens, the victim's cousin, saw Davis shoot the victim, and Brittany McNair saw both Davis and his co-defendant, Joe Nathan Givens, shooting at the car in which the victim was sitting. Both witnesses had known the co-defendants for a long time. Moments before the victim entered the

---

[1] On December 1, 2004, Davis was indicted for malice murder, felony murder, and possession of a firearm during the commission of a crime. Following a jury trial ending on August 11, 2006, Davis was found guilty of malice murder and possession of a firearm during the commission of a crime, but he was acquitted of felony murder. Davis was sentenced to life imprisonment for malice murder and five consecutive years for possession of a firearm during the commission of a crime. Davis filed a motion for new trial on August 18, 2006, and, after he retained new counsel, he filed an amended motion on June 29, 2009. The trial court denied the motion on April 26, 2010, and Davis filed a timely notice of appeal on May 25, 2010. After Davis secured payment for appeals costs in the court below, his case was docketed to the September 2012 term of this Court and submitted for decision on the briefs.

car, his sister, Jameka Walker, observed a white vehicle with dark tinted windows nearby. She observed Davis, who was dressed in a white shirt, and another male exit the vehicle's backseat and run toward the area where Griffin had parked. Jameka heard, but did not see, shots fired approximately five minutes later. Prior to the shooting, Griffin also observed a white vehicle with dark tinted windows circle the area of the shooting. At one point, the victim's mother saw Joe Nathan Givens, who is Davis's brother, exit bushes near her car and enter the passenger side of a white vehicle with dark tinted windows. Joe Nathan Givens was holding a gun at the time. The victim died as a result of multiple gunshot wounds.

This evidence was sufficient to enable the jurors to find Davis guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Davis contends that he was denied due process of law because the State used "false evidence" to convict him. We disagree.

The record shows that, to counter the charges against him, Davis presented the alibi defense that he was shopping at a T-shirt store on another side of town at the time of the murder. In rebuttal, the State called Susan Johnson, a T-Mobile employee, who testified that, based on an outgoing call from a cell phone that Givens was using, one could determine the immediate location of both the caller, Givens, and the person called, Davis. Following Johnson's testimony, the State re-called Detective Dion Hurley, who testified that the phone records showed that Davis was not where he claimed to be on the night of the murder. As his trial progressed, Davis made no objection to any of this testimony, and he chose not to call any witnesses of his own.

At the hearing on his motion for new trial, Davis made his initial challenge to the questioned testimony and introduced the affidavit of Roger Boyell, a professional engineer and an expert in wireless communication. Boyell's testimony indicated that Johnson's testimony was erroneous because it was not possible to use the records to locate both the caller and the person called. Based on this affidavit, Davis contended in his motion for new trial that: (1) his trial counsel rendered ineffective assistance; and (2) the introduction of the questioned testimony at trial created plain error. Both contentions were rejected by the trial court. Now, for the first time on appeal, Davis contends that he was denied due process of law by the introduction of Johnson's "false" testimony at trial.

This argument fails. As an initial matter, Davis has waived this argument for purposes of appeal. He did not raise these grounds at

trial or in his motion for new trial,[2] and we will not consider arguments raised for the first time on appeal. See *Mayberry v. State*, 281 Ga. 144, 146 (3), n. 3 (635 SE2d 736) (2006). Moreover, even if Davis had preserved his claim, he was not denied due process of law.

> Due process guarantees that a criminal defendant will be treated with that fundamental fairness essential to the very concept of justice. In order to declare a denial of it [a court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial.

(Citation and punctuation omitted.) *United States v. Valenzuela-Bernal*, 458 U. S. 858, 872 (III) (B) (102 SC 3440, 73 LE2d 1193) (1982) (citation and punctuation omitted). It cannot be said that Davis's trial was fundamentally unfair. He was not prevented in any way from challenging the State's evidence that he now contends was incorrect. Davis simply chose not to challenge the evidence in any way. There was no absence of fairness. Id. Davis cannot now contend that his choice resulted in an unfair trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Gregory N. Crawford*, for appellant.

*Larry Chisolm, District Attorney, Reginald C. Martin, David E. Perry, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.

---

[2] Below, Davis argued that the introduction of the evidence was "plain error."