## 51765. HALL v. THE STATE.

EVANS, Judge.

The defendant was convicted of burglary and sentenced to 10 years. Defendant appeals. *Held:*

1. The first enumeration of error complains of the assistant district attorney, in addressing the jury in his opening statement, testifying and giving hearsay evidence against the defendant. The statement made by the assistant district attorney was as follows: "Mr. England: Now I anticipate that Officer Lines didn't see the men coming out. That Townsend saw them come out and I'm sorry he can't be here, but Lines at least will testify . . ." (T-7) This was clearly testimony by the prosecuting attorney that officer Townsend saw them come out of the building and since Townsend was not going to be there, he, the district attorney, would testify for him. This was damaging hearsay evidence given by the assistant district attorney in violation of Code Ann. § 38-301. Counsel may state what he expects the witness will testify if the witness is going to testify. See *Chambers v. State,* 127 Ga. App. 196 (1) (192 SE2d 916). But under no circumstances should the prosecuting attorney become a witness in behalf of the state.

2. The second enumeration of error complains of a denial of the right to a thorough and sifting cross examination. But upon examination of the transcript, we find no objection on this point in the lower court. An objection cannot be raised for the first time in this court. *Cowart v. Ga. Hospital Service Assn.,* 135 Ga. App. 45, 46 (1) (217 SE2d 379).

3. The third enumeration of error is that the court erred in denying a mistrial because the officer-witness violated the constitutional rights of the defendant (Fifth

Amendment of the Federal Constitution) in testifying that he could not get the defendant to talk with him. At page 77 of the transcript we find as follows: "Q All right, sir. What if anything did they say about understanding their rights? A We couldn't get them to talk. They just shook their heads and that's why I asked them. Then I took them out and put the handcuffs on then searched them. He had money. There was some question about a watch. One had a watch in his pocket. I forget which one. That's the only time I talked to them at the scene. He said, that's my watch. I said, okay, and gave it back to him." It is very obvious that this question was unnecessary and whether or not the officer intended to violate the defendant's rights, he did so. Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to. He is entitled to remain silent, and the prosecution may not use against him the fact that he stood mute. See *Reid v. State,* 129 Ga. App. 660, 664 (5) (200 SE2d 456); Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694); United States v. Hale, 422 U. S. 171 (95 SC 2133, 45 LE2d 99). The court made no effort whatsoever to correct the error committed, although expressing an opinion at the time that he thought it was reversible error.

4. The court did not err in allowing one of the police officers to testify as to his conduct upon hearing over the police radio that a police car had been involved in an auto chase; the pursued car had wrecked, and to be on the look-out for the perpetrators who had run from the scene of the wreck. Such testimony is allowed as original evidence under Code Ann. § 38-302 to explain conduct.

5. There is no merit in the complaint in enumerations of error 5 and 6 that the fingerprints of the defendant lifted from a trunk lid of the automobile where stolen goods were found was not relevant and not material. Expert opinions are always admissible on relevant questions of science, skill, trade, or the like. Code Ann. § 38-1710. The alleged latent fingerprints of the defendant showed his connection with the crime as a circumstance.

6. The evidence was ample to support the verdict, and the court did not err in denying the motion for

directed verdict on the ground that the state did not carry the burden of proof beyond a reasonable doubt.

7. There is no merit in the complaint that the court overruled objections to the questions asked of the defense witness which were irrelevant and immaterial as to what the defendant told state officers at the time of his arrest and trial. The opposite party is entitled to a thorough and sifting cross examination of a witness.

8. Objection was made to the argument of defense counsel that there was no identification of fingerprints at the scene of the crime. The fingerprints were found on the automobile used to transport the stolen articles. However, objection was to the reading of facts of the case to the jury, whereas all the court did was state "Don't read the facts." This is insufficient to show an adverse ruling by the court that was harmful to the defendant.

9. For the reason stated in Divisions 1 and 3, a new trial is ordered.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur in the judgment only.*

ARGUED FEBRUARY 3, 1976 — DECIDED MARCH 8, 1976.

*Jack Dorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.