## S04A0057. BALES v. THE STATE.
### (594 SE2d 644)

BENHAM, Justice.

Appellant Johnny Bales is serving a sentence of life imprisonment as a result of his conviction of the malice murder of Paul Marlow outside an Athens-Clarke County bar in September 1999.[1] He appeals the judgment of conviction on the ground that trial counsel did not afford him his constitutional right to effective assistance of counsel. After reviewing the record and trial transcript, we affirm the judgment of conviction.

1. The State presented evidence the victim suffered a fatal gunshot wound to his back that was fired by the .22-caliber handgun found in appellant's car. Appellant was found in his car, which had run off the road, about a mile from the victim's body. Appellant, who had been shot at close range in the abdomen, told investigating officers the victim had used appellant's gun to shoot at appellant two times while appellant sat in his car. When the victim dropped the gun, appellant was able to pick it up and fire several shots at the victim, and then drive away. After he was released from the hospital,

---

[1] The victim was killed on September 15, 1999. The Athens-Clarke County grand jury returned its true bill of indictment charging appellant with malice murder and felony murder during its July 2000 term. Appellant's trial commenced on October 15, 2001, and concluded on October 25, 2001, with the jury's return of its guilty verdicts. The trial court's sentence of life imprisonment for the malice murder conviction (the felony murder conviction having been vacated by operation of law) was filed on October 25, and appellant filed a timely motion for new trial on November 20, 2001. Appellate counsel was appointed to represent appellant on July 25, 2002, and an amended motion for new trial was filed March 19, 2003. After conducting an evidentiary hearing on the amended motion for new trial, the trial court denied the motion in an order filed May 2, 2003. A notice of appeal was timely filed on May 30, 2003, and the appeal was docketed in this Court on September 15, 2003. After both appellant and the State were granted extensions of time in which to file their respective briefs, the case was submitted for decision on the briefs.

appellant made a videotaped statement to police about the incident. Appellant also testified at trial, and his testimony tracked the content of his pre-arrest videotaped statement. Appellant stated the victim had followed him from the bar to the parking lot and had tried to "push drugs" on him. Appellant got in his car, retrieved his gun from the glove compartment, and exited the vehicle. When he pointed the gun at the victim, the victim assured him he meant no harm, and appellant put the gun on the roof of his car. He then agreed to take a bag of marijuana from the victim and give it to someone in Canon, Georgia. When he turned his back to put the marijuana in his car, the victim hit him and reached for the gun. The two struggled for control of the gun which went off twice, once hitting appellant's car and once striking appellant in the stomach. Appellant gained control of the gun and freed himself from the victim's grasp. He fired into the air, and the victim approached him. Fearing the victim was going to kill him, appellant backed away from the victim and, while looking behind him, fired two shots in the direction of the victim. Appellant then got in his car and drove off to seek help at the nearby home of an aunt, but ran off the road into a ditch a short distance from the scene of the shootings.

A firearms examiner from the GBI Crime Lab testified the gunpowder pattern on the victim's t-shirt around the entry hole of the fatal shot was made from the gun having been fired from a distance of ten inches from the victim's back. The firearms examiner also testified to a second entry hole in the back of the victim's t-shirt and an accompanying exit hole in the front of the shirt, apparently made by a shot that did not strike the victim's body. The examiner testified this shot was fired from a distance of 2½-3 feet from the shirt. Another ballistics expert testified that his tests on the t-shirt and the gun led him to conclude the fatal shot was fired from about 12″ from the victim, and the shot that went through the victim's shirt but did not strike him was fired from more than 42″ away from the victim. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts trial counsel rendered ineffective assistance of counsel with regard to her treatment of the evidence concerning the bullet hole that entered and exited the victim's t-shirt without striking his body. Appellant contends trial counsel was ineffective by failing to have a pre-trial independent expert ballistics assessment of the victim's shirt; by failing to object to testimony and cross-examine the autopsist and the autopsy photographer who identified holes in the victim's shirt as bullet holes; and by failing to request the proper remedy, exclusion of the evidence, for the State's failure to update defense counsel concerning the tests done by the GBI firearms exam-

iner on the second bullet entry hole. See OCGA §§ 17-16-4 (c); 17-16-6. After a two-day hearing on appellant's contention that trial counsel was ineffective, the trial court found that appellant had failed to prove trial counsel's performance was deficient.

In order to prevail on a claim of ineffective assistance, appellant "must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Cits.]" *Chapman v. State*, 273 Ga. 348, 349 (2) (541 SE2d 634) (2001). Appellant " 'must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' " *Morgan v. State*, 275 Ga. 222 (10) (564 SE2d 192) (2002). In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo. *Washington v. State*, 276 Ga. 655 (3) (581 SE2d 518) (2003).

At the hearing on the motion for new trial, trial counsel testified she chose not to have a ballistics expert conduct a pre-trial examination of the victim's shirt because the State had not conducted any tests and the results of any future testing by the State would be given to the defense, what was known was consistent with the defense theory of justification and, had she decided to have an expert examination, she would have had to get the shirt from the State, thereby making the State aware of what the defense was up to. As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel. *Richardson v. State*, 276 Ga. 548 (3) (580 SE2d 224) (2003). We agree with the trial court's implicit determination that trial counsel's choice of trial strategy was not unreasonable.

Appellant next contends trial counsel was ineffective because she did not object when the autopsist and the police officer who took photos of the autopsy testified the victim's shirt had a second entry bullet hole. Appellant contends the testimony was speculative or inappropriate lay opinion since the witnesses were not qualified as ballistics experts. Assuming trial counsel's failure to object constitutes deficient performance, appellant must prove "the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." *Chapman v. State*, supra, 273 Ga. 348 (2). Since the same evidence was presented to the jury through the testimony of a qualified ballistics expert, appellant has not carried his burden of establishing the prejudice prong of ineffective assistance of counsel.

Lastly, appellant complains trial counsel provided ineffective assistance when counsel withdrew her request for exclusion of the GBI firearms expert's testimony regarding the second bullet hole, and requested a mistrial. The expert's written report given to trial counsel described only the testing done on the hole made by the bullet that killed the victim. At trial, the expert witness testified about the testing she had done on the second hole. Outside the presence of the jury and the witness, trial counsel asked that the testimony be excluded because trial counsel had not been apprised of this additional discovery material. See OCGA § 17-16-4 (c). After a short recess during which trial counsel spoke with the GBI expert and a defense crime-scene reconstruction expert, trial counsel withdrew her request for exclusion of the evidence and asked for a mistrial. The trial court granted a weekend recess in order for trial counsel to obtain the services of an independent ballistics expert, found there was no evidence of bad faith on the part of the State, and denied the motion for mistrial.

The trial court is authorized to grant a continuance to cure the State's failure to comply with the criminal discovery statutes. OCGA § 17-16-6. In order to gain exclusion of evidence due to a discovery violation, the party seeking exclusion must make "a showing of prejudice and bad faith." Id. The trial court found that no such showing was made. Since, in light of that finding, exclusion of the evidence pursuant to OCGA § 17-16-6 was not a viable option, the trial court did not err when it concluded trial counsel's decision to pursue another remedy fell within the broad range of reasonable professional conduct.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 29, 2004.

*Garcia, Rose & Wiltshire, Morris H. Wiltshire, Jr.,* for appellant. *Kenneth W. Mauldin, District Attorney, William M. Overend, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.