## A06A0806. KUYKENDOLL v. THE STATE.

(629 SE2d 32)

ELLINGTON, Judge.

A Whitfield County jury found James Kuykendoll guilty of family violence battery, OCGA § 16-5-23.1 (a), (f), and the court sentenced him to serve ten days of a twelve-month sentence, the balance probated. Kuykendoll appeals from the denial of his motion for new trial, contending the trial court erred in refusing to grant a continuance and in admitting a recording of a 911 call. He also raises the general grounds. Finding no error, we affirm.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

During the late evening of May 19, 2004, Kuykendoll argued with his girlfriend, Vicky Mowery, in the kitchen of their home. Mowery's daughter was present. She witnessed Kuykendoll shove Mowery into the cabinets and then "head-butt" her in the face so hard that Mowery dropped to the floor with a nose bleed. Mowery sustained bruises to her face, knee and arm, a cut to her lip, and loosened teeth. Photographs of her injuries were published to the jury. Mowery's son, who was in another room when the argument began, witnessed his mother lying on the kitchen floor, holding her bloody face, while Kuykendoll stood over her, smiling. Mowery's daughter called 911. The recording of the 911 call was played for the jury. After

striking Mowery, Kuykendoll fled, and the police were unable to immediately locate him.

OCGA § 16-5-23.1 (a) provides that a person "commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." Visible bodily harm is defined as "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts." OCGA § 16-5-23.1 (b). And, "family violence battery" includes acts of battery between "persons living or formerly living in the same household." OCGA § 16-5-23.1 (f). Although Kuykendoll contends he "collided with [Mowery's] nose only in an effort to avoid her blows," the jury was authorized to disregard his claims of accident and self-defense and find him guilty beyond a reasonable doubt in light of the evidence adduced on each of the elements of the offense, as well as Kuykendoll's demeanor after the incident, and his flight. See *Cobble v. State*, 259 Ga. App. 236, 237 (1) (576 SE2d 623) (2003).

2. The trial court did not abuse its discretion in denying Kuykendoll's request for a continuance. Kuykendoll's case was indicted on January 31, 2005, arraigned on March 21, 2005, and called for trial on March 31, 2005. On March 31, 2005, Kuykendoll moved for a continuance, which was denied. The trial court called the case for trial on April 14, 2005, Kuykendoll renewed his motion for a continuance, and the court again denied it. Kuykendoll contends, as he argued below, that he needed additional time (1) to reconstruct testimony from an unrecorded, pre-arrest warrant hearing in the matter, or in lieu of that (2) to locate witnesses who may have heard the victim make inconsistent statements at that hearing, and (3) to subpoena a deputy who allegedly responded to a prior, unreported domestic disturbance between Mowery and Kuykendoll. Kuykendoll also contends the court erred in calling his case out of turn, that the court should have called another matter that had been pending longer on the court's calendar.

OCGA § 17-8-22 provides, in part, that "[a]ll applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require." Applicants for continuances must make a showing of due diligence. OCGA § 17-8-20. The grant or denial of a continuance will not be disturbed on appeal absent a showing of an abuse of discretion. *Brown v. State*, 214 Ga. App. 733, 735 (2) (449 SE2d 136) (1994). Further, when applicants request a continuance based upon missing witnesses, "[w]here the witness has not been subpoenaed and where other statutory requirements have not been met, it is not an abuse of discretion to refuse a postponement of the

hearing in order to subpoena these persons." (Citations and punctuation omitted.) *Halthon-Howard v. State*, 234 Ga. App. 229, 230 (1) (506 SE2d 415) (1998).

Under the circumstances presented, we see no abuse of discretion. After Kuykendoll's first request for a continuance was denied, he had 13 additional days to subpoena witnesses or to reconstruct a transcript from the pre-arrest warrant hearing. Further, the second application for a continuance was based upon speculation about a deputy (who had not been subpoenaed) who may have responded to an unreported, prior incident and inconsistent statements that may have existed in a transcript that admittedly did not exist.

Finally, although "[t]he cases on the criminal docket shall be called in the order in which they stand on the docket," the trial court retains discretion to call them out of order. OCGA § 17-8-1. Here, the record reflects that the case before Kuykendoll's was not called for trial because the defendant in that case was expected to enter a plea following his sentencing in another matter. Because Kuykendoll has not demonstrated an abuse of discretion, this claim of error is without merit.

3. Kuykendoll contends the trial court erred in allowing the jury to hear the recording of the 911 call placed by Mowery's daughter. He objected to the admission of the statement below on the basis that it "lacked foundation," arguing that the recording contained statements that violated the court's ruling on his motion in limine, which prohibited witnesses from testifying in the absence of expert medical testimony that Mowery actually suffered a broken nose.

The 911 recording was properly authenticated by both parties to the conversation, the daughter and the dispatcher, both of whom testified. See *Hudson v. State*, 273 Ga. 124, 127 (3) (538 SE2d 751) (2000) (an audiotape can be authenticated by the testimony of one who was a party to the events recorded on the tape). Further, the 911 call, which Mowery's daughter placed moments after witnessing the attack, was admissible as part of the res gestae. OCGA § 24-3-3 ("[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae"). The determination of admissibility under the res gestae exception rests within the sound discretion of the trial court, and this Court will not disturb that determination absent abuse. *Dolensek v. State*, 274 Ga. 678, 679 (2) (558 SE2d 713) (2002). Finally, statements the daughter made during the call about the nature of her mother's injuries were not, as the trial court pointed out, a medical diagnosis or expert opinion about Mowery's injuries. The statements were those of a child recounting what she had just witnessed for the purpose of getting emergency help for her mother. Consequently, the admission of the

911 tape did not violate the court's ruling on Kuykendoll's motion in limine. We find no error.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 9, 2006 —
RECONSIDERATION DENIED MARCH 23, 2006.

*Wayne H. Basford, Bentley C. Adams III*, for appellant.

*Kermit N. McManus, District Attorney, Dixon A. Lackey III, Assistant District Attorney*, for appellee.