A06A1821. IN THE INTEREST OF M. V. H., a child.
(636 SE2d 168)

BLACKBURN, Presiding Judge.

M. V. H. was adjudicated delinquent after the juvenile court found he had committed an act which, had he been an adult, would

---

have supported a conviction for aggravated assault,[1] a designated felony.[2] Following the denial of his motion for new trial, M. V. H. appeals, contending that the evidence was insufficient to support a conviction for aggravated assault and that the trial court erred in admitting irrelevant evidence. For the reasons set forth below, we affirm.

1. "In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged." (Punctuation omitted.) *In the Interest of T. T.*[3] See generally *Jackson v. Virginia.*[4] "The standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case." *In the Interest of T. T.,* supra, 236 Ga. App. at 46 (1). We do not weigh the evidence or determine witness credibility. *In the Interest of T. N.*[5]

So viewed, the record in this case shows that one afternoon following the end of the school day, 13-year-old M. V. H. was riding the school bus home with numerous other students, including 11-year-old M. M. Shortly after the bus ride began, several students started throwing crumpled paper at each other, some of which eventually struck M. V. H. Believing that M. M. had thrown the paper that struck him, M. V. H. responded by putting ink on M. M.'s shirt. M. M. retaliated in the same manner. As the bus reached M. M.'s stop, he began walking up the aisle toward the exit when he heard M. V. H. say "get off the bus" and saw him break a blue pencil he was holding. M. V. H. then proceeded to follow M. M. up the aisle and started pushing him from behind. M. M. turned around to confront M. V. H., at which point M. V. H. began striking M. M. on the head and face with his closed fist while still holding the broken pencil. As a result, M. M. suffered cuts to his face and neck.

A complaint, as well as a delinquency petition, was filed in juvenile court charging M. V. H. with aggravated assault for striking M. M. with the broken pencil. After a hearing before the juvenile court, M. V. H. was found to have committed aggravated assault, adjudicated delinquent, and was sentenced to probation. He filed a motion for new trial, which was denied, and this appeal followed.

---

[1] OCGA § 16-5-21 (a) (2).

[2] See OCGA § 15-11-63 (a) (2) (B) (ii).

[3] *In the Interest of T. T.*, 236 Ga. App. 46 (1) (510 SE2d 901) (1999).

[4] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[5] *In the Interest of T. N.*, 254 Ga. App. 330, 331 (562 SE2d 374) (2002).

According to OCGA § 16-5-21 (a) (2), "[a] person commits the offense of aggravated assault when he or she assaults [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." M. V. H. contends that the evidence was insufficient to support a finding that he committed aggravated assault, arguing that there was no evidence that he wielded the broken pencil when he struck M. M. We disagree.

M. M. testified that he saw M. V. H. break the blue pencil immediately prior to M. V. H. following him toward the exit of the bus and further testified that he believed that M. V. H. had the pencil in his hand during the attack. In addition, the officer who was called to the scene testified that upon his arrival, M. M. informed him that M. V. H. had wielded a broken pencil during the attack.[6] The officer further testified that he noticed cuts on M. M.'s face and that he found a broken blue pencil on the bus in the vicinity of where the assault occurred.

M. V. H. nevertheless argues that the evidence was insufficient because no eyewitness, including M. M., was able to testify with certainty at trial that M. V. H. was wielding the pencil during the attack. This argument fails. We have previously held that

> [t]he presence of a deadly weapon or the appearance of such may be established by circumstantial evidence, and a conviction for aggravated assault may be sustained even though the weapon was neither seen nor accurately described by the victim. Some physical manifestation is required or some evidence from which the presence of a weapon may be inferred, but OCGA § 16-5-21 (a) does not require proof of an actual deadly weapon. It is clear that even in the absence of the production or verbal description of the weapon used, evidence as to the nature, kind and location of the wounds inflicted by the assailant is sufficient to allow the [factfinder] to infer the character of the weapon.

(Citations and punctuation omitted.) *Lattimer v. State*.[7] See also *Terry v. State*.[8]

Here, the cuts on M. M.'s face and neck, the officer's testimony, and the fact that a broken pencil, identified by M. M. as the weapon,

---

[6] M. V. H. did not object to this testimony; however, even if he had done so, such testimony may have been admissible under the res gestae exception to the hearsay rule. See *Kuykendoll v. State*, 278 Ga. App. 369, 371 (3) (629 SE2d 32) (2006).

[7] *Lattimer v. State*, 231 Ga. App. 594, 595 (499 SE2d 671) (1998).

[8] *Terry v. State*, 224 Ga. App. 157, 159 (1) (b) (480 SE2d 193) (1996).

was found at the scene, provided circumstantial evidence corroborating M. M.'s belief that M. V. H. wielded the broken pencil during the attack. Accordingly, the evidence was sufficient to enable the juvenile court to find that M. V. H. committed an act of aggravated assault beyond a reasonable doubt. See *In the Interest of T. T.*, supra, 236 Ga. App. at 46 (1); *Lattimer*, supra, 231 Ga. App. at 595.

2. M. V. H. also contends that the trial court erred in admitting the broken blue pencil into evidence, arguing that it was not proven that the pencil found was the one used in the attack and thus it lacked relevance. This contention is without merit. "Admissibility of evidence is a matter which rests largely within the discretion of the trial court." (Punctuation omitted.) *Ward v. State*.[9] "Any evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant." (Punctuation omitted.) *Horton v. State*.[10] Furthermore, "Georgia law favors the admission of any relevant evidence, no matter how slight its probative value, and even evidence of questionable or doubtful relevancy or competency should be admitted and its weight left to the [factfinder]." *Ward*, supra, 274 Ga. App. at 513-514 (3).

Here, the broken pencil found at the scene was identified by M. M. at trial as the pencil that M. V. H. broke just before the attack and thus was directly relevant as evidence of the weapon used in the aggravated assault on M. M. M. V. H.'s argument that there was no proof that the admitted pencil was, in fact, the pencil used in the attack and, at most, only constituted circumstantial evidence, addresses the issue of the weight that the evidence should be given but has no bearing on whether or not the evidence was admissible. See *Ward*, supra, 274 Ga. App. at 513 (3). Accordingly, the juvenile court did not abuse its discretion by admitting the broken pencil into evidence.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 6, 2006.

*Diana L. Davis, Leigh S. Schrope*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas L. Williams, Mary E. Evans-Battle, Assistant District Attorneys*, for appellee.

---

[9] *Ward v. State*, 274 Ga. App. 511, 513 (3) (618 SE2d 154) (2005).
[10] *Horton v. State*, 269 Ga. App. 407, 410 (2) (604 SE2d 273) (2004).