654 S.E.2d 688 (2007)
In the Interest of T.Y.B., a child.
No. A07A1768.
Court of Appeals of Georgia.
November 28, 2007.
*689 Sexton, Key & Hendrix, Joseph S. Key, for appellant.
Scott L. Ballard, District Attorney, Christy R. Jindra, Assistant District Attorney, for appellee.
ANDREWS, Presiding Judge.
T.Y.B. was adjudicated delinquent by the juvenile court for committing the "designated felony act" of aggravated assault as set forth in OCGA § 16-5-21(a)(2). See OCGA § 15-11-63(a)(2)(B)(ii). On appeal, T.Y.B. claims the evidence was insufficient to support the delinquency adjudication because there was no evidence that he committed any act which constituted an assault. We find the evidence was sufficient and affirm.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. We do not weigh the evidence or determine witness credibility.
(Citations, punctuation and footnotes omitted.) In the Interest of M.V.H., 281 Ga.App. 486, 487, 636 S.E.2d 168 (2006).
Applying these standards, evidence was presented to the juvenile court showing that T.Y.B., age 13, was angry with his mother and was screaming and cursing at her as she sat in her bedroom at their residence. At the time, a pot of boiling water and rice was cooking on the stove in the kitchen. T.Y.B. cursed at his mother, told her he was "tired of [you] doing me like a damn dog," then went to the kitchen, took the pot off the stove, and walked to the doorway of the bedroom, where he stopped with the pot in his hand and stared at his mother. The mother said, "[Y]ou pour that hot water on me, you're going to go to jail," and then called for help. The mother testified that, at first, she thought T.Y.B. was going to pour the boiling water on her, but then he turned around and walked away.
Under OCGA § 16-5-20(a)(2), "[a] person commits the offense of simple assault when he or she . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." Under OCGA § 16-5-21(a)(2), "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Thus, an aggravated assault occurs when a simple assault, as defined in OCGA § 16-5-20(a)(2), is committed in the aggravated manner set forth in OCGA § 16-5-21(a)(2). Tucker v. State, 245 Ga.App. 551, 552, 538 S.E.2d 458 (2000).
T.Y.B. does not contest the fact that a pot of boiling water constitutes an "object, device, or instrument which, when used offensively against a person, is likely to *690 . . . result in serious bodily injury" as required under OCGA § 16-5-21(a)(2). See Culbertson v. State, 193 Ga.App. 9, 10-11, 386 S.E.2d 894 (1989). Rather, he contends that, because he simply stood in the doorway holding the pot of boiling water and said nothing while doing so, there is no evidence that he assaulted his mother by "[c]ommit[ing] an act which place[d] [her] in reasonable apprehension of immediately receiving a violent injury," as required under OCGA § 16-5-20(a)(2). We disagree. The State was not required to show that T.Y.B. verbally threatened to immediately throw the boiling water on his mother, or that he took additional physical action such as moving closer to his mother with the pot or raising it toward her in some overtly threatening manner. An assault is shown "if there is a demonstration of violence, coupled with an apparent present ability to inflict injury so as to cause the person against whom it is directed reasonably to fear that he will receive an immediate violent injury unless he retreats to secure his safety." (Emphasis in original.) Johnson v. State, 158 Ga.App. 432, 433, 280 S.E.2d 856 (1981). Moreover, because assault is an attempted battery, the State must show that the defendant took a "substantial step" toward committing a battery before there can be an assault. Hamby v. State, 173 Ga.App. 750, 751, 328 S.E.2d 224 (1985).
The State presented evidence showing that T.Y.B. was angry, cursing and screaming at his mother, when he took the pot of boiling water off the stove and stood a short distance in front of her holding the pot while staring at her. Under these circumstances, T.Y.B.'s actions constituted both a substantial step toward committing a battery and a demonstration of violence against his mother, and showed a present ability to inflict injury which placed his mother in reasonable apprehension of immediately receiving a violent injury. See In the Interest of D.B., 284 Ga.App. 445, 447-448, 644 S.E.2d 305 (2007); Paul v. State, 231 Ga.App. 528, 499 S.E.2d 914 (1998); McGee v. State, 165 Ga.App. 423, 425, 299 S.E.2d 573 (1983). The evidence was sufficient for the juvenile court judge to find beyond a reasonable doubt that T.Y.B. committed the "designated felony act" of aggravated assault by committing an assault against his mother in the aggravated manner set forth in OCGA § 16-5-21(a)(2).
Judgment affirmed.
ELLINGTON and ADAMS, JJ., concur.