A07A1696. WILSHIN v. THE STATE.
(658 SE2d 224)

RUFFIN, Judge.

Following a bench trial, the court found David Wilshin guilty of speeding. On appeal, Wilshin — who is proceeding pro se — challenges the sufficiency of the evidence. Specifically, he contends that the arresting officer's in-court identification of him was tainted. Wilshin also argues that the trial court erred in failing to dismiss the case, as the traffic stop was made within 500 feet of a county line in violation of OCGA § 40-14-6. Finding these allegations of error to be without merit, we affirm.

On appeal from a criminal conviction, Wilshin no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the verdict.[1] We neither weigh the evidence nor judge the credibility of witnesses, but only ascertain whether the evidence was sufficient to establish guilt beyond a reasonable doubt.[2] Viewed in this light, the evidence shows that on November 1, 2006, Officer Michael Talton of the Georgia State Patrol was monitoring traffic on Georgia Highway 53 when he noticed a Toyota Camry traveling in

---

[1] See *In the Interest of B. D. S.*, 269 Ga. App. 89, 90 (603 SE2d 488) (2004).

[2] See id.

excess of the posted speed of 45 miles per hour. Talton estimated the vehicle's speed to be in excess of 60 miles per hour. Using a laser speed detection device, Talton measured the vehicle's speed at 61 miles per hour. Based upon this evidence, the trial court was authorized to find Wilshin guilty of speeding.[3]

1. Wilshin argues that his conviction cannot stand because Talton's identification of him as the driver was tainted. According to Wilshin, when the prosecutor handed documents to Wilshin in court while he was sitting in the gallery, the attorney "revealed" Wilshin's identity to Talton, who was also present. Wilshin asserts that his physical appearance had changed radically since Talton had stopped him, suggesting that — absent the prosecutor's actions — Talton would not have been able to identify him at trial.

Identification of the defendant may be an issue at trial where eyewitness identification links the defendant to the crime and there is no other evidence corroborating identity.[4] Here, however, Wilshin's identity as the perpetrator was *not* at issue. To the contrary, after Talton initiated the traffic stop, Wilshin produced his driver's license. When Wilshin was given a traffic citation, he signed it, and the signature matches that on his pro se pleadings. And Wilshin presumably sat at the defense table during trial, allowing Talton to ascertain who was on trial for speeding. Under these circumstances, we find Wilshin's argument to be unavailing.

2. Wilshin contends that the trial court erred in failing to dismiss the case because the stop was made in violation of OCGA § 40-14-6. This Code section provides, in pertinent part, that counties, municipalities, colleges, and universities shall not operate speed detection devices within 500 feet of their boundary line or signs warning of the use of the devices.[5] Here, Officer Talton was employed by the State and thus this statute does not apply to him.[6]

In a related argument, Wilshin asserts that OCGA § 40-14-6 is unconstitutionally vague. He did not raise this argument below, however, and a party may not raise a constitutional challenge for the first time on appeal.[7] Accordingly, this argument is not properly before us.[8]

3. Finally, Wilshin has filed several motions before this Court, including a motion to suppress and a motion for a mistrial. In so doing, Wilshin has misconstrued the function of an appellate court,

---

[3] See *Jackson v. State*, 257 Ga. App. 715, 717 (5) (572 SE2d 60) (2002).

[4] See generally *Allen v. State*, 268 Ga. App. 519, 526-527 (2) (602 SE2d 250) (2004).

[5] See OCGA § 40-14-6 (a), (b).

[6] See *Walker v. State*, 204 Ga. App. 559, 561 (3) (420 SE2d 17) (1992).

[7] See *Mayberry v. State*, 281 Ga. 144, 146, n. 3 (635 SE2d 736) (2006).

[8] See id.

which is to correct errors of law by a lower court.[9] Although we will, in limited circumstances, grant an emergency motion in order to preserve our jurisdiction or to prevent an issue from becoming moot,[10] we lack original jurisdiction and do not address substantive issues other than for purposes of reviewing a lower court's ruling.[11] It follows that Wilshin's motions must be denied.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 21, 2008.

David B. Wilshin, *pro se.*

*Larry A. Baldwin II, Solicitor-General, Jennifer L. Scalia, Assistant Solicitor-General*, for appellee.

---

[9] See *Austin v. State*, 286 Ga. App. 149, 155, n. 6 (648 SE2d 414) (2007).

[10] See Court of Appeals Rule 40 (b).

[11] See *Austin*, supra.