# Court of Appeals of the State of Georgia

ATLANTA, January 09, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0252. ARTHUR BUSSEY v. THE STATE.**

In 2015, Arthur Bussey pleaded guilty to two counts of aggravated assault and was sentenced to 30 years, with 20 years to be served in confinement and the balance on probation. In 2024, Bussey filed a motion seeking to vacate his convictions and sentence. After the trial court dismissed his motion, Bussey filed this application for discretionary appeal in the Georgia Supreme Court, which transferred the case to this Court. *Bussey v. State*, Case No. S26D0451 (Nov. 25, 2025). Following transfer of his case, Bussey filed in this Court two additional pleadings, each of which is titled "Motion to Vacate Convictions and Sentence."[1] For reasons explained below, we must dismiss both of Bussey's motions as well as his application for discretionary appeal.

Bussey has no right to file in this Court a direct challenge to his convictions and/or sentence. Rather, he may only challenge a lower court's ruling on such a motion. See *Wilshin v. State*, 289 Ga. App. 683, 684–85 (3) (658 SE2d 224) (2008) ("the function of an appellate court . . . is to correct errors of law by a lower court" and "we lack original jurisdiction and do not address substantive issues other than for purposes of reviewing a lower court's ruling"). See also *Austin v. State*, 286 Ga. App. 149, 155 (3) (e) (648 SE2d 414) (2007) ("This Court exists solely as a reviewing court, with no original jurisdiction, for the purpose of correcting errors of law in lower

---

[1] This pleading appears to be substantively similar to the motion dismissed by the trial court.

tribunals.) Given our lack of jurisdiction, we must dismiss Bussey's motions.

We must also dismiss Bussey's application for discretionary appeal. With respect to Bussey's challenge to his sentence, OCGA § 17-10-1 (f) allows a court to modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. And there is no right of appeal from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. See also *Paradise v. State*, 321 Ga. App. 371, 372, n. 1 (740 SE2d 238) (2013); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Here, Bussey's sentence fell within the statutory range of punishment for the two counts of aggravated assault of which he was convicted. See OCGA § 16-5-21 (b) ("a person convicted of the offense of aggravated assault shall be punished by imprisonment for not less than one nor more than 20 years").

As to Bussey's challenge to his convictions, the Supreme Court of Georgia has made clear that a post-conviction motion challenging the validity of a conviction and seeking to set aside or vacate the same is not a valid procedure in a criminal case. See *Williams v. State*, 283 Ga. 94, 94-95 (656 SE2d 144) (2008). Thus, any effort to appeal from the denial of such a motion must be dismissed. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).

In light of the foregoing, both of Bussey's motions to vacate his convictions and sentence and his application for discretionary appeal are hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___01/09/2026_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.