9680. DAVIS *et al. v.* THE STATE.

HARWELL, J. 1. In the light of the qualifying note of the trial judge no merit appears in the ground of the motion for a new trial relating to the polling of the jury.

2. The 3d special ground of the motion for a new trial is incomplete. It is as follows: "Because, movant contends, the second charge by the court, without request by the jury, after the judge had ordered the jury brought into the court-room and asked in open court if there was a question of law or fact that prevented the jury, from arriving at a verdict, and because the judge asked the jury how they stood in numbers, and being told by the foreman that the jury stood ten to two, that the remarks to the jury by the court were prejudicial to the defendants," etc. This ground does not set forth the alleged improper remarks of the court, and this court will not look to other portions of the record for these remarks. Each ground of a motion must be complete in itself, as this court and the Supreme Court have often held. There was no error in the trial judge asking the jury how they stood. See *Dalton Fruit & Produce Co.* v. *Puryear,* 22 *Ga. App.* 489 (96 S. E. 344), and citations.

3. The accused were charged with robbery from the person (the sudden snatching and taking away of money); the evidence amply authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 7, 1918.

Indictment for robbery; from Spalding superior court—Judge Searcy. March 16, 1918.

The ground referred to in paragraph 1 of the decision is as follows: "Because movant contends the verdict of the jury did not speak the sentiment and conviction of the entire jury, because the jury was dismissed for a while by the court after the reading of the verdict, before the defendant's counsel had an opportunity to poll the jury." The trial judge's note as to this ground is as follows: "No request was made at the time the verdict was returned, or at any time, to poll the jury; counsel for defendants being present in court, and the defendants also, at the time the verdict was returned."

*W. H. Connor,* for plaintiffs in error.

*E. M. Owen, solicitor-general,* contra.