### WEBB *v.* THE STATE.

ATKINSON, J. 1. "A defendant in a criminal case who has been convicted has the legal right to demand a poll of the jury. The demand should be made after the verdict is read but before dispersion of the

jury. *Malone* v. *State*, 49 *Ga.* 210 (11); *Tilton* v. *State*, 52 *Ga.* 478. It will be too late if not made until after the sentence of the court has been pronounced. *Robinson* v. *State*, 109 *Ga.* 506 (8) (34 S. E. 1017); *Davis* v. *State*, 22 *Ga. App.* 802 (97 S. E. 273)." *Hammond* v. *State*, 166 *Ga.* 213 (142 S. E. 895).

2. A ground of a motion for new trial complained that immediately upon the reading of the verdict returned against the movant, and before it was ordered to be recorded, and before dispersal of the jury, and before sentence of the court, the defendant demanded that the jury be polled, and the court attempted to poll the jury but did so in an illegal manner by having the clerk call a list of the jury and asking them all together if the verdict was their verdict instead of polling them separately. This ground was approved as modified by a note appended by the judge, wherein it was stated: "After the jury had come into court . . I asked them whether they had agreed on a verdict. One or more of them stated that they had. I then asked, ' Call of the jury waived?' Mr. Chastain, of counsel for the defendant, said, ' No.' I said to the clerk, ' Call a list of the jury.'" The note further stated that the names of the jurors were called, after which, upon direction of the court, the clerk received and read the verdict. The note further stated, "At no time did I inquire of counsel whether they waived the poll of the jury or whether they desired the jury polled, and at no time did they make any motion or request to have the jury polled. The word ' poll ' in any form was not used by counsel or court, and no attempt was made to poll the jury. My inquiry whether the call of the jury was waived, counsel's reply of ' no,' and the clerk's action in calling the list of the jury, all occurred before the verdict was read, . . and after that no further reference was made to the matter by any one." *Held:* In the light of the note of the court, there was no demand for a poll of the jury by the defendant at a time when he had a right to demand a poll, within the principles announced in the first headnote. If the inquiry by the court as to the waiver of a "call of the jury," made prior to reception of the verdict, was confusing to defendant's counsel, and they saw that there was no attempt to poll the jury after the verdict had been read, it was their duty at that time to have made a demand that the jury be polled. If they failed to make such demand and sat by until after sentence of the court, they would not subsequently be entitled to a new trial on account of failure of the court to poll the jury.

3. The chief of police testified that the father of the injured girl brought the defendant in an automobile at night to the entrance of the jail, and told the witness and another officer that he desired the defendant "locked up, that he had ruined his daughter." Then the defendant said, "I have mistreated your daughter. I have treated her like a brute or varmint." The witness further stated that the statement by the defendant was made freely and voluntarily, without any hope of reward or fear of punishment. *Held*, that it was not error to overrule the motion to exclude the evidence as to the statements made by the defendant, on the ground that they were not made freely and voluntarily, but that under the circumstances they were made under duress and through fear.

4. The other officer just referred to testified as to admissions by the defendant, of the character mentioned in the preceding note and under similar circumstances, with the additional statement that during the conversation between the officers and the father of the injured girl the latter in the presence of the defendant referred to him by use of a vile name. The court did not err in overruling the motion of the defendant to exclude the evidence as to the statements by the accused, on the ground that under the circumstances they could not have been made freely and voluntarily, because the defendant was under duress and they were made through fear.

5. Where in a criminal case, after verdict, an attack is made upon a juror upon the ground that he was not impartial, the trial judge occupies the place of a trior, and his finding that the juror is competent will not be reversed, unless, under all the facts, the discretion of the judge was manifestly abused. Under the conflicting evidence there was no abuse of discretion in this case. *McNaughton* v. *State*, 136 *Ga.* 600 (4) (71 S. E. 1038), and cit.; *Wall* v. *State*, 126 *Ga.* 549 (55 S. E. 484), and cit.; *Hall* v. *State*, 141 *Ga.* 7 (80 S. E. 307), and cit.; *Bloodworth* v. *State*, 161 *Ga.* 332 (131 S. E. 80); *Crawley* v. *State*, 151 *Ga.* 818 (2) (108 S. E. 238, 18 A. L. R. 368); *Coggeshall* v. *Park*, 162 *Ga.* 78 (3) (132 S. E. 632).

6 Even if proper diligence had been shown, the alleged newly discovered evidence was not of such character as would probably produce a different result on another trial, and is not such as to require the grant of a new trial.

7. The evidence was sufficient to support the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 6344. April 13, 1928.

Rape. Before Judge Reed. Coffee superior court. September 30, 1927.

*Chastain & Henson, Mingledorff & Gibson,* and *Arnold & Battle,* for plaintiff in error.

*George M. Napier, attorney-general, A. B. Spence, solicitor-general, T. R. Gress, assistant attorney-general,* and *Quincey & Quincey,* contra.