45771. INGLE v. THE STATE.

Deen, Judge. 1. "The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). The case continues (p. 445): "An understanding of the nature and setting of this in-custody interrogation is essential to our decisions today" and then proceeds to give examples ranging from physical brutality to prolonged questioning, which take place in privacy and represent an effort, physically or psychologically oriented, to obtain admissions or a confession from the person who has in the interrogator's judgment become the prime suspect and against whom he is proceeding, at least in his own mind, in an accusatory rather than a generally investigative framework. In the present case the defendant's automobile had been seen leaving the driveway of a house which soon thereafter was discovered to have been burglarized and the license number was furnished to the police. On the following day the police, bearing a proper warrant to search the car identified by description and license number found it in the street and sent word to the defendant inside the house to come out, whereupon they served him with the warrant and proceeded with the search. The defendant asked why the car was being searched, was informed that there had been a burglary, asked where and was informed of the location, volunteered that he had never been there and was informed that perhaps someone else was driving the car, and replied that that was not so as only he had been driving his car. This is not the sort of "in-custody interrogation" forbidden by the Miranda case without prior warning to the defendant, regardless of whether the peace officer, who had not arrested the defendant at that point, would have done so if he had attempted to leave the scene. The testimony was admissi-

ble, as well as evidence of goods recovered as a result of the search.

2. The victims reported, among other articles missing, a collection of 25¢ and 50¢ pieces, two of which were described by physical marks placed on them as the two pieces with which the collection had been initiated. The officers found a sack of 25¢ and 50¢ coins under the car seat, among which were two bearing rather unusual marks corresponding to the description furnished. Under these circumstances the sack of coins was properly admitted in evidence. The correspondence of identity of money alleged to have been stolen with that introduced in evidence is generally a jury question. *Watts v. State*, 8 Ga. App. 205 (3) (68 SE 863). The verdict of guilty was supported by the evidence.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED NOVEMBER 3, 1970—DECIDED DECEMBER 2, 1970

*McCamy, Minor, Phillips & Tuggle, J. T. Fordham,* for appellant.

*Robert B. Adams, District Attorney,* for appellee.