## 52002. MENA v. THE STATE.

WEBB, Judge.

Willie Mena appeals his conviction in Wilkes Superior Court on three counts of contributing to the delinquency of a minor; one count of burglary; and three counts of receiving stolen property. There were eight counts in the indictment, and the jury returned a verdict of guilty on all except Count 5 which was for receiving stolen property. The state contended that Mena committed burglary by the use of three named minors.

1. The evidence was sufficient to support the verdict and the trial court did not err in overruling Mena's motion for new trial.

2. Mena contends that the court erred in not permitting his attorney to poll the jury while it was still in the box and the foreman stated that the jury had no intention of convicting him. We do not agree.

After the verdict was received and published Mena's attorney *waived* a poll of the jury *and the jury was dismissed* by the court. Defense counsel and the court then engaged in a colloquy concerning sentencing. At that point defense counsel noted that "Mrs. Pope wants to be heard over there," whereupon the following ensued:

"The Forelady: Your Honor, you'll have to excuse our ignorance, but we thought the only felony was Count 5, and we had a hard time — you know — even arriving at that. We all decided he shouldn't be charged — under the circumstances, he shouldn't be charged with a felony. But

we only thought there was one felony on there. I didn't see that Number 4 . . . The Court: Burglary is a felony punishable by not less than one nor more than twenty years. The Forelady: We were just looking at the counts, and it didn't say anything about a felony except for Number 5. [Defense Counsel]: Your Honor, I realize I had waived this a few minutes ago, but may I now poll the jury? I didn't realize the jury . . . The Court: The verdict has already been entered, Mr. Hardin."

Subsequently, in answer to a question from the court a juror stated "We'd like to say we all thought he was guilty."

When the jury returned the verdict Mena had an absolute right, had he not waived it, to have the jury polled and could have determined at that time whether the verdict returned was the verdict of each juror. *Blankenship v. State,* 112 Ga. 402 (37 SE 732); *Shouse v. State,* 231 Ga. 716, 717 (3) (203 SE2d 537). However, the demand must be made after the verdict and before the jury has dispersed. These rules were not complied with here. *Webb v. State,* 166 Ga. 218 (142 SE 898); *Bryant v. State,* 65 Ga. App. 523, 532 (19) (16 SE2d 241). Moreover, since the jury could only decide guilt or innocence, whether the offenses were felonies or misdemeanors was of no consequence to its determination.

3. Mena enumerates as error the failure of the trial court to set aside the verdict after it became apparent that the bailiff failed to communicate to the court a juror's question as to the sentence to be imposed. The fact is, however, that the court properly instructed the juror through the bailiff that the jury was not concerned with sentence or penalty.

4. Enumeration 4 asserts that it was error under Code Ann. § 26-506 to sentence Mena to a year in prison on each count of contributing to the delinquency of a minor because the three juveniles were acting in concert at one time. This contention is without merit.

Code § 26-506 (a) provides that "when the same conduct of an accused may establish the commission of more than one crime the accused may be prosecuted for each crime." There were three boys involved in the thefts and burglaries here and Mena knowingly and wilfully

promoted and contributed to the conditions which rendered each juvenile delinquent. Code Ann. § 24-9904. The statutory prohibitions against multiple prosecutions are inapposite here.

5. The testimony of Officer Chastain as to the value of the stolen items listed in Count 6, if error, was harmless. He stated that in his opinion the articles were worth over $100. However, his testimony was elicited only to prove that the items had some value and the district attorney chose to treat the criminal transaction as a misdemeanor rather than a felony. Code Ann. §§ 26-1806; 26-1812.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED APRIL 12, 1976 — DECIDED APRIL 28, 1976 — REHEARING DENIED MAY 21, 1976 — 

*Walton Hardin,* for appellant.
*Kenneth Goolsby, District Attorney,* for appellee.

