S08A1621, S08X1622. THE STATE v. FOLSOM; and vice versa.
(673 SE2d 210)

BENHAM, Justice.

Kenneth Doyle Folsom is charged with the kidnapping and murder of Bobby Timms.[1] On the morning of July 31, 2007, Agent John Cobb of the Georgia Bureau of Investigation and Officer Perry Glasgow of the Haralson County Sheriff's Department went to Folsom's house with an arrest warrant for Folsom's co-defendant Michael McCain. Although McCain was not at Folsom's house at the time, the officers requested Folsom to come to the local sheriff's office for questioning and Folsom agreed, but said he needed time to shower and dress. The officers left the house. About an hour and a half later, when Folsom did not arrive at the sheriff's department when expected, Agent Cobb and Officer Glasgow returned to Folsom's house. Co-defendant McCain was at the house this time. The officers waited at the house for another hour while Folsom dressed. Folsom then drove himself and McCain to the Sheriff's department as the officers followed in a separate vehicle. Upon arrival, authorities took McCain away and arrested him, while Folsom waited in the lobby.

---

[1] The State has filed a direct appeal from the trial court's pre-trial decision to suppress evidence (OCGA § 5-7-1 (a) (4)), and Folsom has filed a cross-appeal. See OCGA § 5-7-1 (b).

After waiting an hour in the lobby, Folsom was taken to a small room for an interview which was video recorded. Our review of the recording reveals that Folsom is a heavy-set man who walks laboriously with a cane and uses a portable oxygen tank. The recording also shows that Folsom sat in a corner of the small room away from the door, and could not exit without Agent Cobb moving from his seat and/or exiting the room. Officer Chad Henderson was also in the small room for most of the interview. Agent Cobb questioned Folsom for approximately six hours. For the first two to three hours, Foslom was not told he was under arrest or read *Miranda*[2] warnings. Folsom was also not told he could leave; although he was allowed several bathroom and smoking breaks as long as officers were in close proximity to him. Early in the interview, Folsom told authorities he had taken several prescribed medications.

From their earlier investigation, authorities knew the victim had been shot with a gun similar to a .380 caliber or nine millimeter pistol and that Folsom had been known to own a .380 caliber gun. When asked about his .380 caliber gun during the pre-*Miranda* portion of the interview, Folsom told authorities that he had pawned it. Authorities contacted the pawn shop and learned that the gun was still there. Agent Cobb testified at the motion to suppress hearing that he "[didn't] know" whether Folsom was free to leave at the point authorities became aware that the gun was at the pawn shop. The interview continued and, while it was ongoing, officers retrieved the gun from the pawn shop and proceeded to obtain a warrant for Folsom's arrest. Once the warrant was in hand, Folsom received *Miranda* warnings, signed a waiver of rights, and continued to be interviewed for several more hours.

Folsom moved to suppress evidence on the grounds that the first portion of the interview violated *Miranda* and that the entire interview was involuntary due to the intoxicating effects of the prescribed medications he took that day. The trial court ruled that all pre-*Miranda* statements and evidence derived therefrom were suppressed. The State appealed and Folsom filed a cross-appeal.

1. The State contends the trial court erred when it granted Folsom's motion to suppress because it asserts that Folsom was not under arrest during the first several hours of his interview and, therefore, it was error for the trial court to suppress Folsom's pre-*Miranda* statements. "A person is considered to be in custody and *Miranda* warnings are required when a person is (1) formally arrested or (2) restrained to the degree associated with a formal arrest. Unless a reasonable person in the suspect's situation would

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

perceive that he was in custody, *Miranda* warnings are not necessary." (Citation and punctuation omitted.) *Sewell v. State*, 283 Ga. 558, 560-561 (2) (662 SE2d 537) (2008). Thus, the relative inquiry is how a reasonable person in Folsom's position would perceive his situation. *McAllister v. State*, 270 Ga. 224 (1) (507 SE2d 448) (1998).

In *State v. Wilson*, 257 Ga. App. 120, 126 (570 SE2d 409) (2002) and *State v. Hendrix*, 221 Ga. App. 331 (1) (471 SE2d 277) (1996), the Court of Appeals analyzed four factors to determine if a defendant was restrained to a degree associated with formal arrest: (1) probable cause to arrest, (2) subjective intent of the police, (3) the subjective belief of the defendant, and (4) the focus of the investigation. Id. *State v. Hendrix* cited to this Court's decision in *Shy v. State*, 234 Ga. 816, 821 (218 SE2d 599) (1975), which, at that time, followed precedent from the United States Court of Appeals for the Fifth Circuit in applying the four-factor test. Here, the trial court relied on *State v. Wilson* and *State v. Hendrix*, and determined, at the time of the interview, authorities had probable cause to arrest Folsom, police subjectively believed Folsom to be a "prime suspect," police had focused their investigation on him, and Folsom did not subjectively feel free to leave. Based on this four-factor analysis, the trial court concluded that a reasonable person in Folsom's position would not "have felt at liberty to refuse to talk or terminate the interview and leave." The trial court erred in applying the *Wilson-Hendrix* test because, since *Shy v. State* was decided, the four factors have been determined by this Court to be irrelevant and not dispositive in determining custody for *Miranda* purposes, and because the Fifth Circuit Court of Appeals has ruled that the four-factor test has been undermined by Supreme Court precedent. See *United States v. Bengivenga*, 845 F2d 593, 596-597 (5th Cir. 1988).

Specifically, this Court has held that the subjective views of the interrogator and suspect are not dispositive of whether a person is in custody for the purposes of *Miranda* warnings. *Hardin v. State*, 269 Ga. 1 (2) (494 SE2d 647) (1998). We have further held that whether the police had probable cause to arrest and whether the defendant was the focus of the investigation are irrelevant considerations for *Miranda* purposes. Id.; *Reaves v. State*, 284 Ga. 181 (1) (664 SE2d 211) (2008). The " 'relevant inquiry is how (a) reasonable person in [the] suspect's position would perceive his situation." *McAllister v. State*, supra, 270 Ga. at 228. Therefore, *Shy v. State* and its progeny, including *State v. Wilson* and *State v. Hendrix*, are hereby disapproved insofar as they consider irrelevant factors in lieu of applying the objective inquiry. Accordingly, the trial court's judgment suppressing Folsom's pre-*Miranda* statements is vacated and the case is remanded in order that the trial court may apply the correct legal standard to the facts.

2. The State contends the trial court erred when it suppressed "any resulting evidence" (i.e., physical evidence) the police were able to obtain with knowledge learned from Folsom's pre-*Miranda* statements. A violation of *Miranda* does not warrant the suppression of the fruit of otherwise voluntary statements. *United States v. Patane*, 542 U. S. 630 (124 SC 2620, 159 LE2d 667) (2004) (plurality opinion with concurrence); *Taylor v. State*, 274 Ga. 269, 276 (4) (553 SE2d 598) (2001). See also LaFave, Criminal Procedure, Vol. 3, Sec. 9.5 (a), pp. 471, 475 (3d ed. 2007). Because Folsom argues that his pre-*Miranda* statements were involuntary due to intoxication, the trial court was required to resolve the voluntariness of the statements prior to making a ruling that the fruit of the statements ought to be suppressed. Compare *Reaves v. State*, supra, 284 Ga. at 183 (because appellant did not contend his pre-*Miranda* statements were involuntary, physical evidence derived as a result of knowledge gained from such statements would not be suppressed). Our review of the trial court's order and the motion to suppress hearing transcript shows that the trial court never made a ruling concerning the voluntariness of Folsom's statements to police. In the absence of such a determination, the portion of the trial court's order suppressing the fruit of the pre-*Miranda* statements is vacated and the case is remanded for a determination by the trial court as to whether the statements were voluntary.

3. In his cross-appeal, Folsom contends that his pre- and post-*Miranda* statements were involuntary because he was intoxicated from his prescribed medications. He therefore contends that the trial court erred when it failed to suppress his entire interview with authorities. As discussed supra, the trial court did not make a ruling concerning the voluntariness of Folsom's statements, pre- or post-*Miranda*. Accordingly, Folsom's cross-appeal is not ripe for this Court's review and it is dismissed on that basis.

*Judgment vacated and case remanded with direction in Case No. S08A1621. Case No. S08X1622 dismissed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*Donald N. Wilson, District Attorney, Charles E. Rooks, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellant. *Oliver J. Browning, Jr.*, for appellee.