A09A0019. ELLISON v. THE STATE.

(675 SE2d 613)

MIKELL, Judge.

Based on evidence that he inserted his finger into the vagina of a 15-year-old girl and masturbated in front of her, Noel Ellison, who was 37 years old at the time of the incident, was convicted of aggravated sexual battery and child molestation. Ellison was acquitted of a second count of aggravated sexual battery, in which he was

charged with penetrating the victim's anus. Ellison was sentenced to an aggregate of 20 years to serve 12 in confinement. He filed a motion for new trial on January 10, 2005, which newly appointed appellate counsel amended on May 16, 2008. The motion was denied following an evidentiary hearing. On appeal, Ellison argues that the trial court erred in denying his motion to suppress his statement, in denying his claim of ineffective assistance of counsel, in permitting the jury to hear that he was a recidivist after the verdict was announced, and in excluding evidence of the victim's dress and demeanor on the evening of the incident. Finding no error, we affirm.

1. Ellison challenges the denial of his motion to suppress his custodial statement.

> In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal.[1]

At the *Jackson-Denno* hearing, Detective D. L. Brewster testified that after he interviewed the victim and other witnesses in this case, he secured an arrest warrant for Ellison. Brewster learned that Ellison was at work at a Holiday Inn, so Brewster proceeded there to talk to him. Ellison was called to the lobby and agreed to speak with Brewster, who was accompanied by another detective. Ellison led the detectives to his office. Brewster asked whether Ellison knew the victim and explained the allegations she made against him. Brewster then stated that he had an arrest warrant for child molestation, and he placed Ellison under arrest. While walking Ellison out the back door through a breezeway, Brewster read him his *Miranda* rights. After placing Ellison in the vehicle, Brewster asked Ellison whether he wanted to make a statement. Ellison said that he did. Brewster took a videotaped statement at the station. In the statement, Ellison said he had placed his finger inside the victim's vagina "about to the second knuckle" and then placed his hands on his erect penis. He did not admit that he had been masturbating.

Brewster testified that he did not promise Ellison anything in return for making his statement; that he did not coerce or threaten Ellison; that Ellison was cooperative; that he never refused to

---

[1] (Citation and punctuation omitted.) *Escutia v. State*, 277 Ga. 400, 401-402 (1) (589 SE2d 66) (2003).

answer any questions; that he did not invoke his rights to counsel or to remain silent; that Brewster removed Ellison's handcuffs at the station; and that the statement took about an hour. Brewster also testified that before he informed Ellison about the arrest warrant, Ellison did not ask to leave. The trial court found from a preponderance of the evidence and based on the totality of the circumstances that the statement was freely and voluntarily made. As the evidence adduced at the hearing supported the trial court's ruling, that ruling was not clearly erroneous.

Ellison argues that his statements should have been suppressed because he was effectively placed in custody at his office, before he was given *Miranda* warnings. Ellison also contends that he made an incriminating statement before he was arrested. On cross-examination at trial, Brewster testified that Ellison stated that the victim tried to blackmail him, but Brewster could not recall whether Ellison first made that statement at his workplace or on the videotape. Ellison argues that this statement was obtained in violation of *Miranda*. We disagree. "A person is entitled to *Miranda* warnings only if the person has been taken into custody or deprived of freedom of action in a significant way."[2] The standard is an objective one: "Would a reasonable person in the defendant's situation have believed that he was physically deprived of his freedom of action in any significant way? If not, he is not subject to the compulsive atmosphere of an actual arrest, and *Miranda* does not apply."[3] An understanding of the nature and setting of the interrogation is essential to this analysis.[4] In the case at bar, if, in fact, Ellison made the statement before he was arrested, the evidence at the *Jackson-Denno* hearing shows that he did so in his office, sitting behind his desk. Applying the proper standard, we conclude that a reasonable person in Ellison's situation would not have believed that his freedom was curtailed in a significant way after agreeing to speak with the detectives and leading them to his office. As noted in *Ingle v. State*,[5] "[t]his is not the sort of 'in-custody interrogation' forbidden by the *Miranda* case without prior warning to the defendant, regardless of whether the . . . officer, who had not arrested the defendant at that point, would have done so if he had attempted to leave the scene."[6]

2. Ellison next contends that the trial court erred in denying his motion for new trial on the basis of ineffective assistance of counsel.

---

[2] (Citations omitted.) *McAllister v. State*, 270 Ga. 224, 227 (1) (507 SE2d 448) (1998).

[3] (Citation omitted.) *Childs v. State*, 257 Ga. 243, 247 (3) (a) (357 SE2d 48) (1987).

[4] *Quinn v. State*, 209 Ga. App. 480, 481 (2) (433 SE2d 592) (1993).

[5] 123 Ga. App. 56 (1) (179 SE2d 305) (1970).

[6] Id. Accord *Quinn*, supra.

In order to prevail on this claim, Ellison must show that his trial counsel's performance was deficient and that the deficiency so prejudiced him that there is a reasonable likelihood that, but for his counsel's errors, the outcome of the trial would have been different.[7] To show deficient performance, Ellison must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.[8] On appellate review, we will uphold the court's factual findings on this claim unless they are clearly erroneous, while we review de novo the court's legal conclusions.[9] We will not reverse a conviction for ineffective assistance of counsel unless "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[10]

(a) Ellison argues that counsel was ineffective in failing to object to certain questions posed to Brewster, including those regarding procedures for obtaining an arrest warrant. Specifically, Ellison complains that Brewster's testimony that he only secures arrest warrants in cases in which he has probable cause was an expression of opinion on the merits of the case and thus objectionable as invading the jury's province.[11] Trial counsel testified at the hearing on the motion for new trial that he did not object because it fit in with his trial strategy of allowing the officer to exclaim he had more evidence than really existed. Trial counsel's decision not to object to this testimony is a matter of trial strategy and tactics; such decisions are within counsel's exclusive province and do not amount to ineffective assistance unless they are patently unreasonable.[12] Trial counsel's strategy was not unreasonable and does not support a claim of ineffectiveness.

(b) Ellison also contends that counsel was ineffective for cross-examining Brewster concerning the victim's alleged attempt to blackmail Ellison. At the hearing on the motion for new trial, trial counsel testified that he wanted to reveal the details of Brewster's interview with the victim to corroborate Ellison's statement on the videotape that the victim had tried to blackmail him. Trial counsel

---

[7] *Nix v. State*, 280 Ga. 141, 142 (3) (625 SE2d 746) (2006).

[8] Id.

[9] *Bales v. State*, 277 Ga. 713, 715 (2) (594 SE2d 644) (2004).

[10] (Punctuation omitted.) *Carter v. State*, 176 Ga. App. 632, 633 (2) (337 SE2d 413) (1985), citing *Strickland v. Washington*, 466 U. S. 668, 669 (104 SC 2052, 80 LE2d 674) (1984).

[11] See *Palmer v. State*, 186 Ga. App. 892, 899-900 (4) (369 SE2d 38) (1988) (accountant's testimony invaded province of the jury).

[12] *Hargrove v. State*, 289 Ga. App. 363, 367-368 (4) (a) (657 SE2d 282) (2008) (trial counsel not required to object to improper questioning of social worker that bolsters child victim's testimony); *Powell v. State*, 272 Ga. App. 628, 631-632 (2) (c) (612 SE2d 916) (2005).

YALE LAW LIBRARY

was surprised when Brewster testified that the victim denied the blackmail attempt.

"A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight."[13] Further, "[t]he scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel."[14] Counsel's trial strategy, even if misinformed, could not have harmed Ellison, because the victim had already testified and had denied asking him for money.

(c) Ellison also alleges that counsel was ineffective for failing to object to Brewster's testimony concerning trauma to the victim's anus. Ellison cannot complain of his attorney's performance in this regard, however, because he was acquitted of aggravated sexual battery for allegedly penetrating the victim's anus. Obtaining an acquittal on a charge is a circumstance that "strongly supports the conclusion that the assistance actually rendered by defendant's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render."[15]

(d) Ellison's next claim of ineffectiveness relates to a question trial counsel asked the victim. When cross-examining the victim, trial counsel queried, "according to you, him inserting his finger in your anus and in your vagina did not wake you up?" The victim replied, "No." Counsel then asked, "And you've never had sex before?" Again, the victim said no. Ellison claims on appeal that counsel portrayed the victim as a virgin to his detriment, but trial counsel testified that the question was part of his trial strategy to show that the offenses did not occur as the victim testified because the acts would have woken her up. As noted above, the strategy worked in part, because Ellison was acquitted of the charge relating to anal penetration. As the strategy was not patently unreasonable, it affords no basis for an ineffectiveness claim.[16]

(e) Ellison argues that counsel was ineffective in failing to request a poll of the jury following the verdict. "[Ellison] has not cited — and we have not found — any authority requiring trial counsel to poll the jury to provide effective representation. On the contrary, we have consistently rejected ineffective assistance claims

---

[13] (Citation omitted.) *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).

[14] (Footnote omitted.) *Simpson v. State*, 277 Ga. 356, 359 (4) (b) (589 SE2d 90) (2003). Accord *Jackson v. State*, 281 Ga. App. 83, 87 (2) (b) (635 SE2d 372) (2006).

[15] (Citation and punctuation omitted.) *Powell*, supra at 630 (2).

[16] See *Simpson*, supra.

based on the failure to conduct a poll."[17] Following precedent, we reject Ellison's claim of ineffectiveness on this ground.

3. Ellison argues that the trial court reversibly erred in permitting the jury to hear that he was a recidivist after the verdict was announced because it denied him the right to have the jury polled. Because Ellison waived that right and the transcript does not support his argument that the trial court prevented him from polling the jury, we disagree.

The transcript shows that the verdict was published after the trial court ascertained from the foreperson that it was a unanimous verdict. The trial court then asked whether either side had any exception to the form of the verdict. Defense counsel stated that he did not. The trial court then asked the prosecutor about sentencing, noting that the state had filed a notice of intent to seek recidivist sentencing based on Ellison's three prior felony convictions in New York. As certified copies of the convictions had not yet arrived from New York, the trial court deferred sentencing. Ellison was taken into custody, and the jury was excused. "The proper time to request a poll of the jury is when the jury has rendered its verdict, that is, right after the jury has returned a verdict of guilty."[18] Here, Ellison failed to request a poll of the jury after the jury returned its verdict, even though the trial court gave him an opportunity by asking for exceptions to the verdict. Accordingly, Ellison waived his right to poll the jury and cannot complain that the trial court's statement affected that right.[19]

4. In his final enumeration of error, Ellison challenges the partial grant of the state's motion in limine, which excluded evidence of the victim's allegedly "seductive behavior" and dress prior to the incident. We disagree.

At the hearing on the motion, the trial court asked Ellison what evidence he wished to offer, and he stated that he wanted to show that the victim had been "dancing around" and that she pulled his arm to her vagina. The court ruled that the victim's alleged "dancing around," as well as her manner of dress, were inadmissible but that Ellison would be able to raise the issue of whether or not the victim took his hand. Despite the court's ruling, Ellison elicited testimony from the victim at trial that she had been wearing a skirt and underwear that day. Ellison also asked the victim whether it was true that she grabbed his hand and pulled it toward her crotch.

---

[17] (Footnote omitted.) *Hodge v. State*, 287 Ga. App. 750, 753 (2) (a) (652 SE2d 634) (2007). See *Wynn v. State*, 228 Ga. App. 124, 129 (3) (d) (491 SE2d 149) (1997).

[18] (Citation omitted.) *Burgeson v. State*, 267 Ga. 102, 108 (9) (475 SE2d 580) (1996).

[19] *Maddox v. State*, 233 Ga. 874, 876-877 (2) (213 SE2d 654) (1975); *Webb v. State*, 166 Ga. 218, 219 (142 SE 898) (1928).

On appeal, Ellison concedes that a child does not have the capacity to consent to a sexual act, so consent is not a defense to the crimes involving sexual acts committed against minors.[20] For this reason, Ellison admits, "such evidence is normally properly excluded." Ellison argues, however, that he should have been able to cross-examine this 15-year-old victim about her alleged "dancing around" in order to test her credibility and veracity. We disagree. The trial court correctly exercised its sound discretion to exclude this line of inquiry.[21] To the extent Ellison claims that his constitutional rights were violated by the exclusion of this evidence, an issue he raised in his amended motion for new trial, the authority he cites does not support his proposition.[22] Thus, his argument provides no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 19, 2009.

*Clegg, Daniels & Petrey, John H. Petrey,* for appellant.
*Daniel J. Porter, District Attorney, Jeanette J. Fitzpatrick, Assistant District Attorney,* for appellee.

---

[20] *Brown v. State*, 268 Ga. 154, 155 (486 SE2d 178) (1997) (child molestation is a forcible felony; children do not have the capacity to consent to or to resist a sexual act directed at them); *Slack v. State*, 265 Ga. App. 306, 307 (1) (593 SE2d 664) (2004) (consent is not a defense to child molestation).

[21] See, e.g., *Decker v. State*, 139 Ga. App. 707-708 (2) (229 SE2d 520) (1976) (child victim's purported sexual history irrelevant to charge of molestation).

[22] See *Thrasher v. State*, 265 Ga. 401, 402 (2) (456 SE2d 578) (1995) (admissible evidence does not become inadmissible because it incidentally puts the defendant's character in issue); *Gadson v. State*, 264 Ga. 280, 281 (3) (444 SE2d 305) (1994) (same); *Eason v. State*, 260 Ga. 445, 446 (396 SE2d 492) (1990) (defendant has a substantial right to effective cross-examination of expert testimony), overruled on other grounds, *State v. Lucious*, 271 Ga. 361, 365 (4) (b) (518 SE2d 677) (1999).