## A09A1095. THE STATE v. LUPULOFF.
(687 SE2d 861)

ADAMS, Judge.

Max Morris Lupuloff was charged with one count of financial transaction card theft under OCGA § 16-9-31 (a) (1) and one count of theft by taking under OCGA § 16-8-2. Lupuloff pled "not guilty" and filed a motion to suppress evidence seized from his person and automobile and a motion in limine to exclude statements he made to police at the time of his arrest. The trial court granted these motions, and the State appeals.

On May 25, 2007, Dorothy Weill put her purse on the counter of the lobby desk at a Gwinnett County Marriott Hotel. Weill left the desk to go to her hotel room, but upon reaching the elevators realized that she had forgotten her purse. When she returned to the desk, the purse was gone. She reported the theft, and the hotel called the police. Officer James Fouchia of the Gwinnett County Police Department responded to the call. He reviewed surveillance footage showing that a man had removed the purse from the desk counter, and a hotel employee identified the man as Lupuloff. Lupuloff had left the hotel earlier with his wife, and Fouchia asked that the hotel staff contact him when Lupuloff returned. Fouchia then applied for and received arrest warrants for Lupuloff.

Several hours later, a hotel employee notified Fouchia that Lupuloff had returned. Lupuloff was walking in the hotel parking lot when Fouchia approached him. Fouchia asked for identification and Lupuloff presented a Texas driver's license. Fouchia explained to Lupuloff that "maybe he could possibly help me out on an incident that occurred at the front lobby desk." The officer informed Lupuloff

that the front lobby was under video surveillance and "that I felt that he could help me remedy a . . . victim in this particular hotel of a missing item." Lupuloff did not say anything, but went to his car, reached under the driver's seat, handed the officer the purse and told him that there was nothing missing. Fouchia secured the purse, and as he walked back to the hotel with Lupuloff, placed him under arrest.

Fouchia testified that he had the arrest warrants in his possession when he approached Lupuloff in the hotel parking lot and that he intended to arrest him. Fouchia stated that at the time, Lupuloff was not free to leave, but the officer said he never told Lupuloff that or gave him that impression. Rather, they walked freely around the parking lot. Fouchia did not give Lupuloff a *Miranda* warning because he did not intend to question him concerning the incident. He saw no need for questioning because the video showed the entire incident. He simply asked for Lupuloff's identification and personal information.

In granting Lupuloff's motions, the trial court found that Lupuloff was in police custody when Fouchia asked for help with regard to the theft. The court determined that the officer's explanation of events and request for help "were tantamount to interrogation as they were specifically calculated to induce the Defendant to make an incriminating statement." The court concluded that Fouchia should have first advised Lupuloff of his *Miranda* rights.

The State argues, however, that Lupuloff was not in custody at the time Fouchia approached him, and that their interaction is more properly characterized as a first-tier police-citizen encounter. Even if this incident amounted to a second-tier encounter, the State asserts that Fouchia had reasonable articulable suspicion to detain Lupuloff. Under either interpretation, the State asserts that the key factor is that Fouchia never communicated to Lupuloff that he was under arrest or otherwise not free to leave.

> In reviewing the trial court's grant or denial of a motion to suppress, we apply the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review. . . .

(Citation and punctuation omitted.) *State v. Palmer*, 285 Ga. 75, 78 (673 SE2d 237) (2009). Because the relevant facts in this case are undisputed, we apply a de novo standard of review.

Our Supreme Court recently clarified that "[a] person is considered to be in custody and *Miranda* warnings are required when a person is (1) formally arrested or (2) restrained to the degree

associated with a formal arrest." (Citation and punctuation omitted.) *State v. Folsom*, 285 Ga. 11, 12 (1) (673 SE2d 210) (2009). "Unless a reasonable person in the suspect's situation would perceive that he was in custody, *Miranda* warnings are not necessary. *Thus, the relative inquiry is how a reasonable person in [the defendant's] position would perceive his situation.*" (Citation and punctuation omitted; emphasis supplied.) Id. at 12-13 (1). The subjective views of the police and the defendant are not relevant, and "whether the police had probable cause to arrest and whether the defendant was the focus of the investigation are irrelevant considerations for *Miranda* purposes." Id. at 13 (1).

Applying these principles in this case, we find that a reasonable person in Lupuloff's position would not have believed that his "freedom was curtailed in a significant way" when he was first approached by Fouchia, told about the missing purse and asked if he could help. *Quinn v. State*, 209 Ga. App. 480, 482 (2) (433 SE2d 592) (1993). See also *Wilburn v. State*, 230 Ga. App. 619, 621 (1) (497 SE2d 380) (1998). "[T]his is not the sort of 'in-custody interrogation' forbidden by the *Miranda* case without prior warning to the defendant, regardless of whether the . . . officer, who had not arrested the defendant at that point, would have done so if he had attempted to leave the scene." (Footnote omitted.) *Ellison v. State*, 296 Ga. App. 752, 754 (1) (675 SE2d 613) (2009). Accordingly we reverse the trial court's order granting Lupuloff's motions in limine and to suppress.

*Judgment reversed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 17, 2009 —
RECONSIDERATION DENIED DECEMBER 10, 2009 — 

*Daniel J. Porter, District Attorney, Kimberly A. Gallant, Assistant District Attorney*, for appellant.

*Chandler, Britt, Jay & Beck, Walter M. Britt*, for appellee.

