## A11A0469. THE STATE v. ROUSE.
(710 SE2d 670)

SMITH, Presiding Judge.

The State appeals from the trial court's grant of Jemeril Rouse's motion to suppress marijuana found in his vehicle following a traffic stop. Because the trial court employed an incorrect legal standard, we vacate the judgment and remand this case.

There are three fundamental principles which must be followed when reviewing a motion to suppress.

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. On numerous occasions the appellate courts of this state have invoked these three principles to affirm trial court rulings that upheld the validity of seizures. These same principles of law apply equally to trial court rulings that are in favor of the defendant. . . .

(Citation, punctuation and footnote omitted.) *Miller v. State*, 288 Ga. 286, 286-287 (1) (702 SE2d 888) (2010).

"To properly follow the first principle, we must focus on the facts found by the trial court *in its order*, as the trial court sits as the trier of fact." Id. The trial found the following facts: Officers Stowe and Broce were parked in the median on I-20 when one of the officers observed Rouse traveling in the right lane following a tractor trailer too closely and changing lanes without signaling. The officers stopped Rouse and requested his driver's license and insurance documents. Officer Broce ordered Rouse to step out of the vehicle, and Rouse complied. Broce then engaged Rouse in conversation by asking Rouse where he was coming from. Broce asked Rouse if he had any illegal drugs in the vehicle, and Rouse stated that he did not. When Broce asked for consent to search the vehicle, Rouse refused.

The trial court found further:

> According to Officer Stowe, [Rouse] appeared nervous. Though never referenced in the police incident report, nor any supplemental report submitted by either officer, Officer

Broce testified in court that he smelled a faint odor of unburned marijuana coming from the vehicle prior to the K-9 free air search being conducted. Officer Broce then got his K-9 out of the patrol car and walked it around the vehicle; where it purportedly alerted on the driver's door of [Rouse's] vehicle. The vehicle was subsequently searched; where marijuana was found located inside the trunk of the vehicle, packaged inside a cardboard box with packing tape sealing it.

Following the hearing, the trial court orally granted the motion and instructed defense counsel to "[d]raw me an order." The court stated further that it would "particularize the order." In the order granting the motion to suppress, the trial court concluded:

Even if the initial stop had been authorized, the defendant's further detention to conduct the dog search was not reasonable. . . . An officer who questions and detains a suspect for other reason[s] exceeds the scope of permissible investigation unless he has reasonable suspicion of other criminal activity. . . . This Court must further decide the credibility of witnesses and the evidence including reconciling the lack of prior assertions of the odor of marijuana. Reasonable suspicion to detain and investigate for illicit drug activity does not arise from nervousness alone. . . . Under the totality of the circumstances, there are no specific and articulable facts which support a particularized and objective basis for suspecting the defendant of criminal activity. The detention of the defendant to conduct the dog search was not reasonable.

Although the trial court apparently found Broce's testimony that he smelled marijuana not credible, the officers were permitted to use the drug sniffing dog in the absence of any suspicion of illegal activity as long as it did not unreasonably prolong an otherwise valid stop. See *Bowens v. State*, 276 Ga. App. 520, 522 (623 SE2d 677) (2005) (reasonable suspicion not required before an officer may use a canine trained in drug detention). It is well settled that

[t]he use of a drug sniffing dog to conduct a free air search around the exterior of a vehicle during the course of a lawful traffic stop does not implicate the Fourth Amendment under the United States Constitution. . . . [O]ur law is . . . clear that it is permissible to conduct an open air search around a vehicle while a traffic stop is still in progress so

long as the stop has not been unreasonably prolonged for the purpose of conducting the search.

(Citations and punctuation omitted.) *Langston v. State*, 302 Ga. App. 541, 544 (691 SE2d 349) (2010). "The question is whether the prolongation is reasonable or unreasonable. On this issue we should defer to the trial court unless the facts are truly egregious." (Citations and footnotes omitted.) *Hayes v. State*, 292 Ga. App. 724, 729 (2) (665 SE2d 422) (2008). While we accept the trial court's decision with regard to questions of fact and the officers' credibility, it is apparent from the court's order that it concluded the K-9 free air sniff was not reasonable because officers had no reasonable suspicion of illegal activity. But reasonable suspicion is not required for a free air sniff. See *Bowens*, supra.

Because the trial court misapplied the law, we vacate the trial court's judgment and remand this case for the trial court to apply the correct legal standard to its facts. See, e.g., *State v. Folsom*, 285 Ga. 11, 13 (1) (673 SE2d 210) (2009).

*Judgment vacated and case remanded. Mikell and Dillard, JJ., concur.*

DECIDED MAY 6, 2011.

*Layla H. Zon, District Attorney, Candace K. Slezak, Assistant District Attorney*, for appellant.

*Careton R. Matthews*, for appellee.